Robertson *vs.* Smith, sheriff.

ABNER P. ROBERTSON, plaintiff in error, *vs.* JOHN D. SMITH, Sheriff, defendant in error.

(1.) It is the duty of a sheriff to execute, "with due diligence," the processes placed in his hands, and pay promptly, to the party entitled, money collected by him as sheriff, and, on his failing to do so, he is liable to fine and attachment for contempt.

(2.) But while the Court will require strict fidelity on the part of its officers, it will enforce his rights for his costs and fees as against suitors. Therefore, where the sheriff, at the instance of a plaintiff, levied on the property of a defendant, and incurred expenses in securing and taking care of the property so levied on, and the levy was subsequently dismissed by the order of the plaintiff, the sheriff will not be driven to an action to recover the costs so due him, but judgment may be entered up against the plaintiff for the same, and execution issue therefor. The amount of such compensation due the sheriff may be awarded by the Court.

(3.) In this case, there being no contest as to the amount due the sheriff, and he being entitled to a judgment for the amount against the plaintiff, and there being no apparent reason why one claim should not be *pro tanto* extinguished by the other, and the Court having, in this equitable proceeding, done what is right between the parties, this Court will not, on a mere technicality, reverse the judgment; more especially when it appears that, by having a judgment rendered for the costs, admitted to be due the sheriff, he would have a valid claim for a set-off against the plaintiff's demand.

Rule against the Sheriff. Decided by Judge GIBSON. Richmond Superior Court. January Term, 1868.

A rule was granted against the sheriff, requiring him to show cause why he should not pay the principal, interest, and costs, due on a *fi. fa.*, in favor of said Robertson, against Hilary Coffin. The sheriff answered that he had collected, on said *fi. fa.*, $119 00, in gold, and had not paid the same because said Robertson owed him, the sheriff, $93 00, in currency, for costs and expenses incurred in levying a *fi. fa.* of said Robertson, against Allen Mendlesom, on a stock of groceries, removing the same, and paying storage on them, till Robertson had a settlement with Mendlesom, and ordered the levy dismissed, and the goods returned; that he had tendered Robertson the balance, and was ready to pay this balance.

It was admitted that the sheriff's claim against Robertson, on account of said levy, was correct; but it was contended that he could not thus retain it. The Court ordered the sheriff to pay the $119 00 in gold when he had recovered his bill of $93 00 in currency, and if Robertson would not pay the $93 00 in currency, the sheriff should take enough of said gold to pay himself the $93 00 in currency, allowing the premium, and then pay the balance to Robertson or his attorney.

To this order Robertson's attorney excepted.

SHEWMAKE, for plaintiff in error.

F. H. MILLER, for defendant in error.

WALKER, J.

(1.) The office of sheriff is one of great responsibility; more so, perhaps, than that of any other in the State; especially so, in comparison with the amount of compensation received. The sheriff gives a heavy bond, with sureties, for the faithful performance of his duties, and takes an oath that he will faithfully execute, and true returns make, of all processes placed in his hands, and, in all things, well and truly, and without malice or partiality, perform the duties of his office. Rev. Code, sec. 384--5. Among the duties of his office, is the execution and return of processes placed in his hands, "with due diligence," (Code, sec. 397, p. 1); and, on his failing to do so, "he shall be fined for a contempt." Rev. Code, sec. 401, 3873; "and may be fined, imprisoned, or removed from office." Rev. Code, sec. 3881. These are the stringent provisions of the law, in relation to this officer of the Court, and it is the duty of the Court to see that this important officer faithfully performs his trusts.

(2.) But, while the Court will see to it that its officer is held to strict fidelity, it will also see that a faithful public servant is protected in all his rights. By law, he is entitled to certain costs—very inadequate, in many cases, for the labor performed, and responsibilities incurred—generally pre-

scribed; and when the law omits to prescribe the amount, he is entitled to a reasonable compensation, to be awarded by the Court. Rev. Code, sec. 400. In this case, costs were due the sheriff from the plaintiff, and the question, is how shall payment be enforced. The amount is admitted to be due; there is no contest on this point. The question is, how shall the plaintiff be coerced to pay this bill of costs, incurred at his instance, and for which the defendant in execution, is not liable. We think a liberal construction of section 3435 Revised Code will justify the Court in entering up judgment against the plaintiff for the amount of this cost. The levy was dismissed by the plaintiff's order, and upon a promise to pay the costs due the sheriff. The levy was a proceeding to enforce the judgment; it was unproductive; the party moving was "cast," and should have a judgment rendered against him for the costs. In this case, there being no dispute as to the amount due, the Court, on motion, should have ordered a judgment against the plaintiff for the amount admitted to be due. Of course, if the amount of costs due was disputed, that should be fixed and settled, and then let a judgment be entered up for, the amount so due. This course is authorized by the statute, and certainly is much better than to force the sheriff to bring an action against the plaintiff to recover his costs. When a judgment is rendered for the costs, why may not this judgment be a set-off, against the judgment in favor of the plaintiff, for the money in the hands of the sheriff? A rule absolute against an officer, for the payment of money, is a lien upon his property; Rev. Code, sec. 3880; and one judgment may be set off against another, on motion, whether in the hands of an original party, or an assignee. Rev. Code, sec. 3415 and 2851. The Court exercises a summary jurisdiction over its officers, to enforce the performance of their duties; and it should, also, see that suitors in the Court deal justly and fairly by the officers in the discharge of such duties. The Court should see to it, that a faithful officer is paid all his lawful fees, wherever it can be done properly.

(3.) A proceeding, by rule, against an officer has, gener-

ally, been treated as an equitable proceeding, and the rights of· parties have been, generally, determined according to the principles of equity.    What reason is there, in equity or law, why this officer should not be paid, out of the money in his hands, due to the plaintiff, the bill of costs due him, admitted to be due, incurred at the instance of the plaintiff, and which he promised to pay when he ordered the dismissal of the levy? No good reason was suggested in the argument, and none occurs to us.    The Court below, properly, adjusted the equities between these parties, meteing out to each, the full measure of his rights; and, if he did not proceed according to the strict rules of law, he did substantial justice, and we are not disposed, upon a mere technicality, to reverse his ruling. Were the case sent back, a judgment could be entered up for the costs and then, one judgment might be set-off against the other, and the result be the same as it is now.

Judgment affirmed.