## LESTER *et al. vs.* HAYNES *et al.*

Where an affidavit *in forma pauperis* for the entry of an appeal to the superior court from the judgment of the county court, was made, not by the party dissatisfied, but by a person acting as his agent, the appeal was properly dismissed on motion, at least where no warrant of attorney authorizing such person to enter the appeal appeared.

February 27, 1888.

Appeal. Practice in superior court. Before Judge FORT. Sumter superior court. April adjourned term, 1887.

Reported in the decision.

GUERRY & SON, for plaintiffs in error.

E. F. HINTON, for defendants.

BLANDFORD, Justice.

In this case, the plaintiffs in error brought their action against the defendants in error in the county court of Sumter county. Judgment was rendered against the plaintiffs in error. An appeal was entered, and a certain person made an affidavit, as agent for the plaintiffs in error, that he and they were advised and believed that they had good cause of appeal, and that owing to their poverty, his poverty and the poverty of the estate, they were not able to pay the costs and give the security required by law. When the case was reached in the superior court, the court, on motion of the defendants in error, dismissed the appeal, on the ground that the affidavit was insufficient. This ruling is excepted to, and is the sole ground of exception.

The act of 1842, (Cobb's Digest, p. 501,) codified in section 3263 of the code, provides that the party dissatisfied with the judgment may enter an appeal, if such party will make the affidavit required. It does not appear that the person who made this affidavit for the plaintiffs in error

was authorized by any warrant of attorney to enter an appeal in their behalf. For myself, I think the plaintiffs in error themselves had to make the affidavit, under the act of 1842 and section 3263 of the code above referred to; but in this case, we are all clear and without doubt that, inasmuch as there was no warrant of attorney authorizing the person who made this affidavit to enter an appeal, the court below committed no error in dismissing it.

Judgment affirmed.