## HADDEN v. LARNED.

A claim can be interposed under the act of 1870 upon an affidavit *in forma pauperis* made by the claimant himself, but not upon a like affidavit made by his agent. The privilege of making oath to belief, good faith, etc., in lieu of giving bond and security, is personal, and cannot be exercised by proxy.

November 11, 1889.

Claims. Affidavits. Principal and agent. / Before Judge HINES. Scriven superior court. May term, 1889.

A *fi. fa.* in favor of Larned against S. H. Hadden was levied upon land, and a claim was interposed by Clarissa Hadden, through her agent C. H. Hadden.

The following was the affidavit made by him:

"I, Chas. H. Hadden as agent for Clarissa Hadden, do swear that I do not interpose this claim for delay only; that as agent for Clarissa Hadden, I *bona fide* claim the right and title to the same; that I am advised and believe that the claim will be sustained; and that from poverty I am unable to give bond and security as now required by law; and the said Clarissa Hadden from poverty is unable to give bond and security as now required by law."

The plaintiff moved to dismiss the claim on the ground that an agent could not in a claim case file an affidavit *in forma pauperis* in lieu of the bond required by law. The motion was sustained, and claimant excepted.

HOBBY & MATHEWS and DELL & WADE, for plaintiff in error.

BARROW & THOMAS, *contra.*

BLECKLEY, Chief Justice.

It is contended that under §2207 of the code, the affidavit made by the agent of the claimant was authorized; and that the oath of the agent was, in legal effect, equivalent to the oath of his principal. When this section was brought into the law by the code of 1863, there was nothing either in or out of the code which provided for interposing claims by affidavit *in forma pauperis;* but under the law as it then stood, all claimants had to give bond and security. The section under consideration declares that "Any act authorized or required to be done under this code, by any person in the prosecution of his legal remedies, may be done by his agent; and for this purpose he is authorized to make an affidavit and execute any bond required, though his agency be created by parol." Seven years after the

code was adopted the act upon which the present claim is founded was passed. Its language, so far as now material, is: "In all cases where claimants are unable to give bond and security, as now required by law in claim cases, it shall and may be the privilege of such claimants to file, in addition to the oath now required, an affidavit as follows: 'I, A B, do swear that I do not interpose this claim for delay only; that I *bona fide* claim the right and title to the same; that I am advised and believe that said claim will be sustained; and that from poverty I am unable to give bond and security, as now required by law.' And when said affidavit shall have been made and delivered to the levying officer, the same shall suspend the sale in the same manner as if bond and security had been given." Acts 1870, p. 411. The title of this act is, not to amend the code, but "to regulate claims in certain cases, and for other purposes." In compiling the code of 1882, the compilers inserted in §3733 *et seq.* the act almost but not precisely *in hæc verba.* Of course, this mere transfer of the act into a new edition of the code did not make the same a part of the original code, so as to bring the affidavit provided for by the act literally within the terms of §2207; for that section, confining its terms to acts authorized or required under the code in the prosecution of legal remedies, is too narrow to embrace acts subsequently authorized by a statute which expresses no purpose to amend the code.

Seeing, thus, that the affidavit now in question is not comprehended within the letter, the only remaining question is whether it is embraced in the spirit and reason of §2207. We think it is not, whether tested by the principle of the thing, or by authority touching cases fairly analogous. The general rule as to all claimants is, that to obtain a hearing they must give bond and security. A special privilege granted by the

act of 1870 to a particular class of claimants, to wit, the poor, is that they may be heard without bond and security, provided they will make a certain specified affidavit ; that is, if they will undergo a search of their personal consciences as to their good faith, their advice and belief, their poverty and consequent inability to give bond and security, they may stand upon the same footing as other claimants who have given bond and security.   By the terms of the statute it is not the *bona fides*, the belief, or the poverty of an agent that will suffice ; but the *bona fides*, belief and poverty of the claimant ; and these must be sworn to positively, and not merely according to belief.   How can an agent swear positively to the *bona fides* or belief of his principal ?   These are moral conditions—conditions of mind and consciousness which cannot be known beyond the limits of the consciousness under examination.   This beneficent statute would be open to great abuse were it within the power of any and every claimant to decline swearing to his own mental state, and commit the exposition thereof to his agent, who might or might not be conscientious.   The agent would be competent to swear to his own condition of mind positively, but that is not the thing on which the privilege granted by the statute depends.   It is the condition of mind of the claimant ; as to which the agent could have belief, but not certain knowledge.   Thus the matter stands on principle.

Turning to authority, one strictly analogous case, if not more, can be cited.   The code, §4054, recognizes representation by either agent or attorney in the matter of suing out a *certiorari*; and §4056 (first code, §3984) provides that if the party applying for the writ will make and file an affidavit in writing that he is advised and believes that he has good cause for the *certiorari*, and that owing to his poverty he is unable to pay the

costs and give security, this affidavit shall answer in- stead of the bond, etc.   This court, in *Selma, etc. R. R. Co.* v. *Tyson,* 48 *Ga.* 351, held that the affidavit pro- vided for in this section could not be made by an at- torney at law, citing *Elder* v. *Whitehead,* 25 *Ga.* 262. And see *Lester* v. *Haynes,* 80 *Ga.* 120, on the subject of appeal by affidavit *in forma pauperis,* made by an agent of the appellant.

The court did not err in dismissing the claim on the ground that the affidavit was not made by the claimant, but by an agent only.          *Judgment affirmed.*