COOK *et al.* v. BUCHANAN.

An affidavit of illegality may be made by an agent, and the agency need not have been created in writing.

March 4, 1891. Argued at the last term.

Illegality. Principal and agent. Before Judge SMITH. Marion superior court. April term, 1890.

Reported in the decision.

MORGAN MCMICHAEL and C. J. THORNTON, for plaintiffs in error.

BUTT & LUMPKIN, *contra*.

Simmons, Justice.

Buchanan foreclosed in a justice's court a chattel mortgage against Rebecca Everingham and John W. Cook. Execution was issued thereon and levied on the mortgaged property. An affidavit of illegality was filed by McMichael as special agent of the defendants. A trial was had in the justice's court and judgment in favor of Buchanan was rendered against the defendants, and they entered an appeal to the superior court. When the case was called in the superior court, Buchanan demurred to the affidavit of illegality, on the ground that it was filed by a special agent of the defendants, the authority for so doing not accompanying and not being filed with the affidavit. The court sustained the demurrer and dismissed the illegality, and the defendants excepted.

The sole question to be decided is, whether an agent can file an affidavit of illegality in behalf of his principal without a written power of attorney authorizing him to do so. Section 2207 of the code is as follows: "Any act authorized or required to be done under this code by any person in the prosecution of his legal remedies, may be done by his agents; and for this purpose he is authorized to make an affidavit and execute any bond required, though his agency be created by parol. In all such cases, if the principal repudiate the act of the agent, the agent shall be personally bound, together with his sureties." We think that under this section of the code, an agent can make an affidavit of illegality, and that it is not necessary, in order for him to do so, that the agency should be created in writing as contended by counsel for the defendant in error. This section expressly declares that the agency may be created by parol. The word "parol" as applied to cases of illegality does not, in our opinion, mean a writing, but means a verbal creation of the agency. Under this

section, whenever the principal is authorized or required to do an act in the prosecution of his legal remedies, he may appoint an agent verbally to do the act for him, if the agent can conscientiously depose to the same facts to which the principal could. In the case of *Hadden* v. *Larned*, 83 *Ga.* 636, this court held that under this section an agent could not interpose a claim affidavit *in forma pauperis*, because that affidavit is a personal privilege to the claimant and the agent could not depose as to the *bona fides*, belief and poverty of the claimant. He could not swear positively that the claim was made in good faith or that the claimant was from his poverty unable to give good bond and security. Nor can an agent created by parol under this section, enter an appeal, because section 3615 expressly requires that if an agent enters an appeal, he must be authorized in writing and the writing filed in the court in which the case is pending. In the case of an illegality there is no reason why the agent cannot depose to the same facts as the principal could. He can have the same knowledge as to the illegality of the execution as the principal has, and can depose as positively to the grounds of illegality generally as the principal could.

We think, therefore, that under this section any person, in the prosecution of his legal remedies, may appoint verbally an agent to act for him therein, unless it is apparent that the agent cannot make the affidavit required by law, as in the case of *Hadden* v. *Larned*, *supra*, or as in the case of an appeal, where the code provides that the appointment shall be in writing. If the sheriff or other levying officer is satisfied that the agent has the necessary authority to make the affidavit, he may receive it and return the paper to the court. If, however, the agent has no such authority, this section of the code allows the principal to repudiate the action of the agent, and in that event the agent and his

securities become liable; and this is the difference between this section and section 3670, which says an affidavit of illegality may be filed by an attorney in fact or an executor, administrator or other trustee. Under the latter section a person undoubtedly would have the right to appoint an attorney in fact to file an affidavit for him. If he does appoint an attorney in fact, it must necessarily be in writing and must be executed with the same formality as the law prescribes for the execution of the act for which the agency is created, as required by section 2182 of the code. Where an agent is appointed in this manner, the principal cannot repudiate his acts, as he can do under the other section. The facts in this case show that while this agent was appointed by parol, the principals ratified his action by appealing the case from the justice's court to the superior court, and giving the appeal bond required by law, and by appearing in the superior court and offering to subscribe their names to the affidavit. If there could be any doubt as to the legality of the agency, this ratification on the part of the principal was sufficient to authorize the court to hear and determine the illegality.

*Judgment reversed.*