## REYNOLDS *v.* HOWARD *et al.*
## HOWARD *v.* REYNOLDS *et al.*

1. A party cast in a suit is liable for all the costs. Where, therefore, a landlord illegally sues out a distress warrant and has it levied upon crops of his tenant, who files a counter-affidavit, and, at the final trial of the case, a judgment is rendered in favor of the tenant, and where, pending the proceedings, the levying officer incurs expense in gathering and protecting the crops and in preparing them for market and then sells them : upon rule by the tenant against the levying officer to distribute the money received as the proceeds of the sale, it is error for the court to take any part of the money arising from the sale of the crops to pay any of the costs in the case or any of the expenses incurred by the sheriff in gathering and caring for the crops. This is true although the sheriff may have employed the tenant to gather a part of the crops and paid him for his services.

2. In such a proceeding it was error for the court to take a part of the tenant's money to pay the costs and expenses of the levying officer, although judgment was rendered in favor of the tenant against the landlord for the part thus taken. The landlord, having caused the crops of the tenant to be illegally seized and having thus prevented the tenant from gathering his crops, is liable for the whole of the costs and expenses caused by his illegal procedure; and if the landlord's part of the crops is not sufficient to pay the costs and expenses, judgment should be rendered against him for the balance.

3. Where one of the parties to a money rule makes an answer in which a trial by jury is demanded but which shows no issuable fact, the answer should be stricken upon motion.

Argued April 1, — Decided April 27, 1901.

Money rule. Before Judge Harris. City court of Cartersville. October 6, 1900.

*J. B. Conyers* and *B. J. Conyers*, for Reynolds.
*Milner & Anderson*, for Howard. *J. H. Wikle*, for the sheriff.

SIMMONS, C. J. Reynolds sued out a distress warrant against Howard, his tenant, and had it levied upon the latter's crop. Howard, without replevying the property, filed a counter-affidavit denying the grounds upon which the distress warrant issued. Trial

was had, resulting in a verdict for the tenant, and judgment was entered accordingly.   To that judgment Reynolds filed a bill of exceptions to this court, where the judgment of the lower court was affirmed.   111 *Ga.* 888.   Pending the proceedings in the lower court, the sheriff gathered the crop and prepared it for market. The crop having been gathered, it was, under a proper order, sold, before the time of the trial, by the sheriff.   In the judgment in favor of the tenant the judge provided that the fund then in the hands of the sheriff, arising from the sale of the crop, should be held until the further order of the court.   After the judgment of this court had been made the judgment of the lower court, Howard, the tenant, filed a petition in which he prayed that the fund in the hands of the sheriff be distributed by the court.   To this petition the sheriff and the landlord were made parties defendant. The sheriff answered, admitting a certain amount in his hands, arising from the sale of the crop, and setting up the costs and expenses incurred by him in gathering the crop, taking care of and preserving it, and bringing it to market.   It appears that the contract between the landlord and the tenant provided that the rent was to be paid in cotton and corn.   According to the answer of the sheriff the fund in his hands amounted to $219.25.   Of this amount the landlord was concededly entitled to a certain amount for rent. The sheriff claimed for his costs and expenses an amount sufficiently large not only to consume all of the landlord's portion but to take also a part of what should have been paid to the tenant under the rent contract.   The court, in its judgment distributing the fund, applied all of the landlord's portion to the costs and expenses, and, there being a balance still due the sheriff, ordered this balance to be paid to the sheriff from the tenant's portion of the fund and judgment to be entered up against the landlord in favor of the tenant for the amount of such balance, except a certain sum which the tenant had been paid by the sheriff for assisting in gathering the crop.   To this judgment both parties excepted.   The landlord excepted on the ground that the court, under the pleadings, had no authority to enter up any judgment against him in favor of the tenant for the balance of the tenant's money which had been paid to the sheriff.   He also excepted to the striking of an answer filed by him, in which he demanded a trial by jury and asked that the money be held in the sheriff's hands until the landlord could fore-

close his lien and get a judgment to which a part of that money should be applied. His answer also alleged the insolvency of the tenant, and that the tenant had not complied with his contract to cultivate the rented premises in a husbandmanlike manner. Another exception urged here by the landlord was to the court's requiring him to pay any of the expenses of gathering the crop, caring for it, or preparing it for market. The tenant excepted on the ground that he was not liable for any part of the costs and expenses, as the verdict and judgment in the distress-warrant proceeding showed that the warrant had been illegal and unauthorized.

1. The distress warrant sued out by the landlord was decided by the courts to be illegal. The law provides that when a party is cast in a suit, he shall be liable for all the costs of the proceeding. The landlord lost his case, and was therefore liable for all the costs incurred in and about the distress-warrant proceeding. These costs and expenses included, not only the costs allowed by the fee bill in the code, but also the expenses of gathering and marketing the crop. The landlord was liable, under the law, for all of the costs and expenses. He had caused the crop to be illegally seized. It was the duty of the sheriff to gather it, take care of it, and prepare it for market; and all of the expenses incurred by him in the performance of this duty should be paid by the landlord, who was responsible for the expense, and who was cast in the suit. In the distribution of the fund above set out, the court, finding that the landlord's portion was not sufficient to pay all of the costs and expenses, took from the tenant's portion enough to pay the balance, and then rendered a judgment against the landlord and in favor of the tenant for the amount of this balance (except a small sum which will be noticed later). We think that the judge had no right to take any part of the tenant's money to pay the sheriff for costs and expenses for which the landlord alone was liable. The tenant had been adjudged free from all wrong and fault in the premises, and no court, under such circumstances, has authority to take his money to pay the sheriff for costs and expenses due by the adverse party. *Ward* v. *Barnes*, 95 *Ga.* 103. For this reason we sustain that part of the main bill of exceptions which claims that the judge had no right to enter up judgment against the landlord in favor of the tenant, though we sustain it upon a theory quite different from that advanced in the bill of exceptions and in the argument of counsel for

the plaintiff in error.   Under our view such judgment was erroneous because none of the tenant's part of the fund should have been paid to the sheriff, and there should have been no necessity to reimburse the tenant by giving him a judgment against the landlord. The main bill of exceptions also complains of the court's dismissing the landlord's answer.   We have carefully examined this answer and find therein no allegation which would entitle the landlord to a trial by jury.   There was no traverse of the answer of the sheriff; indeed nearly or quite all of that answer was admitted by the landlord's answer to be true.   There was no issue of fact to be passed upon by a jury, and it was not error to dismiss the landlord's answer.   Nor was there any error in refusing to hold up the fund belonging to the tenant until the landlord could sue out and establish his lien against the tenant.

The cross-bill of exceptions alleges that it was error to adjudge that the tenant's share of the fund in the hands of the sheriff should be charged with any part of the sheriff's costs and expenses. This we have already discussed.   The court had no authority to charge the tenant or the tenant's portion of the fund with any part of such costs and expenses, the tenant having been adjudged guiltless of any wrong or fault.   In our opinion the court should have applied to the payment of the costs and expenses that portion of the fund which was the landlord's, and then, if that was not sufficient, have rendered a judgment in favor of the sheriff and against the landlord for the balance.   See *Robertson* v. *Smith,* 37 *Ga.* 604.   The tenant was entitled to the whole of his share of the fund, and his just demands could not be satisfied by a judgment in his favor against the landlord.   The record discloses that, while the crop was in the possession of the sheriff, he employed the tenant and his children to assist in gathering it, paying the tenant therefor a certain amount.   This amount was deducted by the judgment of the court from the amount ruled to be due to the tenant.   Accordingly the tenant was charged with this part of the sheriff's expenses, and was not even given, for it, a judgment against the landlord.   To this also the tenant excepts, and we think the exception well taken. As before stated, the landlord was liable for all the costs and expenses, and the mere fact that the sheriff, while he had the crop in his possession, employed the tenant to gather a part of it would not relieve the landlord of his liability or authorize the judge to

charge the tenant with the sum he had thus received from the sheriff. By the act of the landlord the property had been taken from the possession of the tenant. It was put in the hands of the sheriff, with whose possession the tenant had no right to interfere. If the sheriff saw proper, in gathering the crop, to hire the tenant to assist him, it was as though he had hired some person not connected with the litigation and not owning any interest in the crop. In making the contract to assist in gathering the crop, the tenant did not act as the tenant and the owner of the crop, for he was not in possession of his rights as tenant or owner. He made the contract just as any other person would have done had the sheriff employed another. The sheriff hired the services of the tenant and paid for them, and this item of expense must stand upon exactly the same footing as the wages paid to others who were similarly employed. It was argued here that it was the duty of the tenant, ordinarily, to gather his crop and then pay the landlord the share agreed upon as rental; that the tenant, in assisting to gather the crop, had done no more than assist in what he was already bound to do, and could not claim compensation therefor from the landlord. This would have been true had the landlord not commenced the illegal distress-warrant proceeding. When he set that proceeding in operation and had the property of the tenant seized, he absolved the tenant of this duty and placed it in the hands of the officer of the law. Having done so, he can not complain that the tenant had not performed his duty under the contract of rental. The tenant, having been ousted from possession by the illegal act of the landlord, was not bound to gather the crop; and if the sheriff employed him to assist, he was entitled to be paid as any other laborer. It may be argued that the rule against the sheriff was in the nature of a proceeding in equity, and that the judge had, therefore, a discretion as to awarding the costs. Conceding that the proceeding was in its nature equitable, the judge, as held in the case of *Hamilton* v. *DuPre*, 103 *Ga.* 795, has no arbitrary rights. He can not take the money of one person and apply it to the payment of the debts of another, even under the broad powers given him by the code in equitable proceedings. *Ward* v. *Barnes*, 95 *Ga.* 103.

*Judgment on each bill of exceptions reversed. All the Justices concurring.*