*J. P. Brooke,* contra.

---

LEWIS, for use, etc., *v.* BECK & GREGG HARDWARE CO.

BECK, J. 1. Where a creditor of the plaintiff in a mortgage fi. fa. became the holder of the fi. fa. as collateral security for a debt due from the plaintiff to the holder, and the fi. fa. was subsequently levied upon certain property described therein as the property of the defendant, and a claim to the property was filed by a third person, which claim was sustained upon the trial of the case, the costs in the claim case could not be taxed against the party to whom the fi. fa. had been delivered as collateral security, the latter having never been made a party to the record, although the fi. fa. was proceeding for his benefit, and he would have been entitled to the proceeds in the event the trial of the claim case had resulted in a verdict subjecting the property levied on to the execution and he had employed counsel who conducted the case for the collection of the fi. fa.

2. An affidavit of illegality may be filed by an attorney in fact, and it is not necessary that any writing showing his authority so to do be exhibited or attached to the affidavit of illegality. Civil Code (1910), § 5310; *Cook* v. *Buchanan*, 86 *Ga.* 760 (13 S. E. 83).

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding.*
　　　　　　　　　　FEBRUARY 13, 1912.

Affidavit of illegality. Before Judge Edwards. Douglas superior court. September 21, 1909.

*J. S. James,* for plaintiff in error.

*Roberts & Hutcheson,* contra.