### 8026. ESKIND *et al.* v. HARVEY, sheriff.

1. A judgment for costs must be in favor of a party to the action, and can not be entered in favor of one who is not a party.
2. As a general rule costs are not taxable against a person not a party to the record.
3. At common law no costs were recoverable eo nomine.
4. A sheriff is not entitled to payment for any services for which payment is not expressly provided by statute.
5. A party cast in a suit is liable for all costs, and when the law omits to prescribe the amount, as in a case where property has been seized under process, the necessary and reasonable expense incurred by the sheriff in preserving and taking care of the property is to be awarded by the court.

DECIDED JUNE 29, 1917.

Motion to amend judgment; from city court of Americus—Judge Harper. October 7, 1916.

*Shipp & Sheppard, Nathan Coplan,* for plaintiffs in error.

*R. L. Maynard,* contra.

GEORGE, J. On December 15, 1914, Eskind and Levy foreclosed a chattel mortgage against one Glanz in the city court of Americus, and the fi. fa. issued thereon was levied by Q. W. Fuller, sheriff of Sumter county, on a stock of merchandise owned by Glanz. Hogg, as trustee in bankruptcy of Glanz, filed an application to the court, praying that the sheriff be required to deliver to him, as trustee in bankruptcy, the stock of goods seized under the mortgage foreclosure. The court denied the prayer ·of the trustee in bankruptcy, and this judgment was, on January 20, 1916, reversed by the Court of Appeals. *Hogg* v. *Fuller,* 17 *Ga. App.* 442 (87 S. E. 760). In this proceeding Eskind and Levy were parties of record. Fuller, the sheriff, having died, Harvey, who succeeded him in office, was made a party to the record. Following the de-

cision by the Court of Appeals, a judgment was entered in the city court of Americus, in favor of the trustee in bankruptcy, and the cost of the appeal, amounting to $56.50, was taxed against Harvey, the sheriff. Subsequently Harvey filed a petition praying that the cost judgment against him be amended and the cost retaxed against Eskind and Levy, plaintiffs in fi. fa. In his petition he alleged: that the stock of goods remained in the hands of the sheriff from the date of the levy to the date of final judgment on the remittitur in the city court of Americus, a period of thirteen months; that during this time the stock remained in the storehouse where Glanz, the defendant in fi. fa., was engaged in business, and for which Glanz was paying $50 per month as rent. He asked that the sum of $650, as expense incurred in keeping the stock of merchandise, be taxed against the plaintiffs in fi. fa., and that the cost of the foreclosing proceeding be likewise taxed against them. On the hearing of the motion it was shown that the stock of merchandise had remained in the storehouse occupied by Glanz prior to the levy; that Glanz paid $50 per month for the rent of the storehouse, and that this was a reasonable rental. The judge passed an order amending the cost judgment and retaxing the cost against the plaintiffs in fi. fa. The items of cost awarded were: $56.50, cost on appeal; $5, cost in the foreclosure proceeding; and $650, expense incurred in caring for and preserving the stock of merchandise. Eskind and Levy demurred to the sheriff's petition to retax the cost, upon the grounds: (1) that Harvey, the sheriff, had no interest in the subject-matter of the amendment; (2) that the trustee in bankruptcy was not a party to the proceeding; (3) that the representative of Fuller, the deceased sheriff, was not a party to the proceeding; and (4) that the petition did not disclose that any costs were omitted from the original judgment, and no sufficient facts were alleged to authorize the amendment of the judgment. The demurrer was overruled, and Eskind and Levy excepted, alleging error in the overruling of their demurrer, and in the judgment taxing the cost against them.

1, 2. The general principle announced in the first and second headnotes is supported by the ruling in *Lewis* v. *Beck & Gregg Hdwe. Co.,* 137 *Ga.* 515 (73 S. E. 739). See also 7 R. C. L. 788, 789. In the instant case Eskind and Levy were parties to the record. The first, second, and third grounds of the demurrer were

therefore properly overruled. The fourth ground of the demurrer is without merit.

3. In support of the third headnote, see *Leonard* v. *Eatonton, 126 Ga.* 63 (54 S. E. 963); *Bowles* v. *Malone, 139 Ga.* 115, 116 (76 S. E. 854).

4, 5. The mortgage of Eskind and Levy was held by this court to be invalid. 17 *Ga. App.* 442 (87 S. E. 760). A party cast in a suit is liable for all costs. Civil Code (1910), § 5980. Under the facts appearing of record, the defendant in error was entitled to have the costs of the appeal and the costs accrued in the foreclosure proceeding taxed against the plaintiffs in error. He was likewise entitled to a judgment against the plaintiffs in error for the necessary and reasonable expense incurred by him in preserving and taking care of the property; but the evidence in the record did not authorize the court to find that the rental of the storehouse during the period intervening between the levy and the final delivery of the stock of merchandise over to the trustee in bankruptcy was necessary and reasonable expense incurred by the sheriff. It was the duty of the sheriff to take such steps as were necessary to preserve the stock of goods pending the litigation. He is entitled to recover as costs the expenses incurred by him so doing, but only the necessary and reasonable expenses. *Robertson* v. *Smith,* 37 *Ga.* 604; *Reynolds* v. *Howard,* 113 *Ga.* 349 (38 S. E. 849). The court erred in taxing the item of $650 against the plaintiffs in error. It is the duty of the court to ascertain the necessary and reasonable costs incurred by the sheriff in taking care of the stock of goods; and only the necessary and reasonable expense of the sheriff in this regard should be taxed as costs against the plaintiffs in error.          *Reversed. Wade, C. J., and Luke, J., concur.*