23180. HIATT, receiver, *v.* TURNER, sheriff.

DECIDED JANUARY 17, 1934.

*H. A. Wilkinson, Henry Wilkinson,* for plaintiff.
*M. C. Edwards, Tom Edwards,* for defendant.

JENKINS, P. J. In a motion to fix costs incurred in mortgage-foreclosure proceedings by the receiver of a national bank, the receiver attacked as illegal and improper certain items of costs and expenses charged by the sheriff, as follows: "bringing in mules and cows, $3.00; M. D. Turner, 5 trips automobile, $7.50; M. D. Turner, 2 days per diem, $7.00; bringing in mules, wagons, and tools, $5.00; bringing in 6 head of mules, $1.00; delivery corn and hay, $3.50; expense bringing in. mules, horse, hogs, cows, and farm tools, $7.00; M. D. Turner, per diem 1 day, $3.50." In each proceeding the proceeds of sale much exceeded the total sheriff's costs and expenses charged, including the items in question. There was no testimony other than that of the sheriff himself, who testified that the feedstuffs were sold at public sale by sample, and delivered to the purchaser by his brother, M. D. Turner, on the farm where they were located; that the items represented expenses incurred in and about the sale, and were reasonable, fair, and necessary; that the items for bringing in livestock and other property were required for carrying it to the court-house; that the items for automobile trips were incurred in looking after these matters; and the items for per diem were paid for services in delivering to purchasers at places of storage the feedstuffs which. had been sold by sample. The receiver excepts to the judgment of the court, approving and fixing the charges as made by the sheriff.

1. "A sheriff for the performance of his legal duty is only entitled to such *compensation* therefor as the law prescribes." *Hicks v. Moore,* 2 *Ga.* 240, 242. He "is not entitled to pay for any services as *costs* unless payment for the same be expressly and specifically provided for by statute." *Clark* v. *Clark,* 137 *Ga.* 189 (2)

(73 S. E. 15) ; *Walton County* v. *Dean,* 23 *Ga. App.* 97, 99 (97 S. E. 561). (Italics ours.) But he is entitled to his necessary and reasonable *expenses* (as distinguished from costs or compensation), incurred in preserving and taking care of property levied upon by him, where these are not provided for by statute. *Reynolds* v. *Howard,* 113 *Ga.* 349, 352 (38 S. E. 849) ; *Robertson* v. *Smith,* 37 *Ga.* 604 (2), 606; *Wall* v. *Clark,* 59 *Ga.* 632, 633; *Eskind* v. *Harvey,* 20 *Ga. App.* 412 (4, 5), 414 (93 S. E. 39). See also, as to limitations to this rule, *Price* v. *Cutts,* 29 *Ga.* 142 (2, 3), 151 (74 Am. D. 52) ; *Cape Fear Steamboat Co.* v. *Bartholomess,* 67 *Ga.* 452, 455.

2. Accordingly, a sheriff, in making a levy, sale, and delivery of personalty, in addition to his own costs or compensation expressly fixed by law, is entitled to his reasonable expenses (as distinguished from compensation) necessarily incurred in the performance of his official duties, except that in "keeping" a horse, mule, head of cattle, sheep, hogs, or goats, such allowance is expressly limited and prescribed by section 5997 of the Civil Code (1910).

3. Under the foregoing rulings, the court did not err in approving and allowing to the sheriff the items of expense attacked by the plaintiff in the mortgage-foreclosure proceedings, under the uncontroverted testimony that they were reasonable, proper, and necessarily incurred in the sale and delivery of the property. The sale of foodstuffs by sample, and their subsequent delivery at the farms where they were located, was not illegal. There was no attack upon any insufficiency in the advertisement. See also *Brown Guano Co.* v. *Coker,* 13 *Ga. App.* 614 (2), 617 (79 S. E. 582).

*Judgment affirmed. Stephens and Sutton, JJ., concur.*