In the Matter of DAVID DUBINSKY, as President of the International Ladies' Garment Workers' Union, an Unincorporated Association, Respondent, against JOSEPH LOVE, INC., Appellant.

In the Matter of JOSEPH LOVE, INC., Appellant, against DAVID DUBINSKY, as President of the International Ladies' Garment Workers' Union, an Unincorporated Association, Respondent.

First Department, December 28, 1945.

*Edmond B. Butler* of counsel (*O'Connell & Butler,* attorneys), for appellant.

*Elias Lieberman* for respondent.

*Per Curiam.* It is provided by section 1457 of the Civil Practice Act, that unless expressly otherwise provided in the submission for arbitration or the contract to arbitrate, the fees of an arbitrator shall not exceed the fees of a referee.

Section 1545 of the Civil Practice Act, as amended in 1928 (L. 1928, ch. 846), provides that: " For *each day* spent in the business of a reference; the referee shall be entitled (a) in an action or special proceeding * * * to twenty-five dollars, * * * unless a different rate of compensation is fixed by the court or a judge or justice thereof, or by consent of the parties, * * * manifested by an entry in the minutes of the referee, or otherwise in writing."

There was no stipulation or agreement herein. While we are of the opinion that the allowance made is reasonable in view of the arbitrator's services, the rate of compensation should have been fixed in the order designating him. The Special Term, therefore, should not have awarded more than $25 a day for thirty-five days, the number of days claimed by the arbitrator.

While section 19 of the General Construction Law states that "A calendar day includes the time from midnight to midnight", a referee or arbitrator is, of course, not relegated to $25 dollars a day proportioned upon such part of a day as he might necessarily spend.

It has been stated: " The law does not regard fractions of a day, except in cases where the hour itself is material, as in the case where priority of judgments is in question." (*Marvin v. Marvin,* 75 N. Y. 240, 243.)

The order and the judgment, so far as appealed from therefore, should be modified by limiting the amount of the fees awarded to the arbitrator to $25 a day for thirty-five days, or a total of $875, and as so modified affirmed, with costs to respondent.

MARTIN, P. J., TOWNLEY, CALLAHAN, WASSERVOGEL and PECK, JJ., concur.

Order and judgment, so far as appealed from, unanimously modified as stated in the opinion and as so modified affirmed, with costs to respondent. Settle order on notice. [See *post,* p. 802.]