MIRIAM B. ROSENFIELD, Plaintiff, *v.* EDWARD M. ROSENFIELD, Defendant.

Supreme Court, Special Term, New York County, June 11, 1954.

*Edward L. Blackman* for plaintiff.

*Mitchell Salem Fisher* for defendant.

*Charles R. Barrett,* referee.

EDER, J. Motion to confirm the report of the referee is granted and the cross motion is denied. It is quite clear that although the parties were in substantial agreement they were not in complete agreement on all the essential terms. The stipulation is not therefore capable of enforcement.

The motion heretofore made herein by the defendant, determination of which had been held in abeyance pending receipt of the referee's report, is denied in all respects.

With regard to the matter of the referee's compensation: Defendant contends that, since he refused at the commencement of the hearings to waive the so-called " statutory allowance " of $25 for each day spent in the reference, the court is without power to fix a different rate of compensation.

A referee's fees are governed by section 1545 of the Civil Practice Act. That section was substantially amended in 1928, and a comparison of the former and present provisions indicates quite plainly that, irrespective of the lack of consent by the parties or even in the event of their affirmative refusal to consent, the court may in a proper case fix a different rate of compensation than $25 per day.

The former section provided: " A referee * * * is entitled to ten dollars for each day * * * unless at or before the commencement of the trial or hearing a different rate of compensation is fixed by the consent of the parties * * * manifested by an entry in the minutes of the referee, or otherwise in writing, or a smaller compensation is fixed by the court or judge in the order appointing him."

The present section reads: " For each day spent in the business of a reference, the referee shall be entitled (a) in an action or a special proceeding brought in a court of record to twenty-five dollars * * * unless a different rate of compensation is fixed by the court or a judge or justice thereof, or by consent of the parties * * * manifested by an entry in the minutes of the referee, or otherwise in writing."

The legislative amendment of 1928, swept away the former limitations upon the court's power. Not only did it eliminate the requirement that the court's fixation of fees, if exercised, be " in the order appointing him," but it provided for a " different " rate rather than a " smaller compensation " which might be fixed by the court, thus granting it discretion to fix more or less than the presumptive or normal twenty-five dollar rate depending on the particular services rendered by a referee.

The statute now contains two independent conditions for a variance from the twenty-five dollar rate. It plainly and clearly gives the court such power entirely apart from the consent, refusal, waiver or any other act of the parties.

Defendant's argument that such construction of the statute is unreasonable because the parties then can not know beforehand how much the reference will cost, is directly contradicted by the elimination from the present section of the phrases in the former section specifying that the parties' consent be made " at or before the commencement " of the hearings or the court's fixation " in the order appointing him." The clear intendment of the legislative amendment was that the court might fix the fees upon completion of the reference with full knowledge of the services rendered. Defendant's objection is, in any event, not well taken, as fees in general are not a matter of fixed contract but rather allowable on a *quantum meruit* basis which can not be determined until the services have been completed, and the parties to a reference in particular are put on notice by the statute that the court is empowered to fix a different compensation than the twenty-five dollar rate regardless of their consent or waiver.

Although *Matter of Dubinsky* v. *Joseph Love, Inc.* (295 N. Y. 968), involved an arbitrator's fees, inasmuch as section 1457 of the Civil Practice Act provides that, unless otherwise agreed, his fees shall not exceed the fee allowed a referee in the Supreme Court, the decision of the Court of Appeals is controlling also on the matter of a referee's compensation. In that matter Special Term had fixed an allowance at the conclusion of the arbitration in excess of the twenty-five dollar rate. The Appel-

late Division reversed (270 App. Div. 267), holding that, as there was no stipulation by the parties, the rate of compensation should have been fixed in the order of the court designating the arbitrator if an allowance beyond the twenty-five dollar rate was to be granted. The Court of Appeals reinstated the allowance made by Special Term, the majority holding (p. 970) that it " was lawful under sections 1457 and 1545 of the Civil Practice Act."

The *Dubinsky* decision, then, is authority for the view that a court may fix a referee's compensation at a different rate than $25 per day despite the absence of a written consent by the parties. No distinction in principle exists when, as here, one of the parties affirmatively notes on the record his refusal to waive the " statutory allowance ". Such waiver is not essential to give the court power to fix a " different rate of compensation " pursuant to section 1545. The court may do so in any case subject, only, to the implied condition that the rate actually fixed be a reasonable one depending on the length of time devoted, the skill and industry applied, and the importance of the matter involved, in a particular reference.

In view of the professional standing and reputation of the learned referee, the time consumed in the hearings of this bitterly contested litigation, the complexity of the factual and legal issues involved, the careful study and close deliberation required both during the hearings and thereafter in the preparation of his report, I feel that the sum of $3,500 is a reasonable fee in the circumstances.

Settle order accordingly, including provision for payment of compensation to the referee as herein indicated.