In the Matter of the Accounting of ARTHUR V. JENNINGS, as Coadministrator of the Estate of WALTER F. JENNINGS, Deceased.

Surrogate's Court, Kings County, September 24, 1954.

*Anthony B. Cataldo* for Arthur V. Jennings, as coadministrator of the estate of Walter F. Jennings, deceased, for motion.

*Irving B. Vigdor* for William J. Jennings, as coadministrator of the estate of Walter F. Jennings, deceased, opposed.

RUBENSTEIN, S. As incidents to the settlement of a proposed decree in a discovery proceeding, the hearings of which were held before a Referee, the court is required to determine the date when interest should attach to the recovery, the allowance of costs against the respondent and the fee to be allowed the Referee.

The Referee, on July 29, 1953, filed his report wherein he found that a check of $2,360 was deposited to the credit of the account of the respondent on July 15, 1948, and reported that the said check or the proceeds thereof of $2,360 should be accounted for as an estate asset.

Costs are statutory allowances to indemnify a party against the expense of successfully asserting his rights, and in prosecut-

ing or defending an action or special proceeding, and " the party to blame pays costs to the party without fault ". (*Stevens* v. *Central Nat. Bank,* 168 N. Y. 560, 566.) Costs may properly be taxed in a discovery proceeding (*Matter of Lane,* 147 Misc. 138, mod. on other grounds 240 App. Div. 768; 6 Jessup-Redfield, Surrogates' Law and Practice, § 5390) ; and it has been held are chargeable for varied reasons including, but not limited to, penalty for conduct which is vexatious (*Matter of Miller,* 167 Misc. 721) and dilatory. (*Matter of Bass,* 57 Misc. 531.)

In this instance in the exercise of the court's discretion, it directs that costs be taxed personally against the respondent (Surrogate's Ct. Act, § 276).

The amount decreed to be paid herein by the respondent, to wit, the sum of $2,360 is payable together with interest " from the time when the money was paid " (Civ. Prac. Act, § 481) that is from July 15, 1948, (*Donnelly* v. *City of Brooklyn,* 121 N. Y. 9; *Matter of City of New York [Montgomery St.],* 91 App. Div. 532, 534; *Gilmore* v. *Hirschman,* 188 App. Div. 218; *Demms* v. *Blanchard,* 150 Misc. 867).

The court may allow a rate of compensation for a Referee in excess of the limits provided by section 1545 of the Civil Practice Act (*Matter of Wade,* 270 App. Div. 712, 731, affd. 296 N. Y. 244; *Rosenfield* v. *Rosenfield,* 205 Misc. 1095). The time consumed in the hearings of this bitterly contested proceeding, the careful study of the issues, the patience to cope with the acrimony of contending counsel, the deliberation required in examining the minutes and rendering his report, in this instance, justifies the fixation of the Referee's fee at $500, to be paid out of the estate.

Costs taxed and decree signed.