Matthew M. Levy, J.
The plaintiff is a corporation. Alone — not jointly with any of its officers or stockholders — it instituted this action for conversion against the defendants, corporate and individual. The complaint included a demand for a body execution. The defendants prevailed upon the trial and a judgment for costs was duly entered at their behest in their favor against the plaintiff corporation. These costs have not been recovered by the defendants, and they appear to be uncollectible from the plaintiff corporation. The defendants now move for an order directing the Clerk of the court to include in his minutes and in the judgment entered herein in favor of defendants, a provision that they have execution against the person of the president of the plaintiff corporation, who is also alleged to be its sole stockholder. The motion was, at the request of counsel, referred to me as the Judge who presided at the trial, but I have not been favored by counsel with the submission of any briefs or the citation of any statute or precedent on the issues involved.
Subdivision 3 of section 826 of the Civil Practice Act expressly authorizes the issuance of an order of arrest in an action of conversion. And I find that it is settled law that, in a tort action, wherein the defendant is liable to arrest, a judgment for costs in the defendant’s favor may be enforced by execution against the person of the plaintiff (Davids v. Brooklyn Heights R. R. Co., 104 App. Div. 23, affd. 182 N. Y. 526; Philbrook v. Kellogg, 21 Hun 238; Saffier v. Haft, 86 App. Div. 284; Allen v. Becket, 84 N. Y. S. 1009).
Only a party to the action is entitled to costs (see Civ. Prac. Act, § 1504). In this context, as in others, a “party” to an action means a plaintiff or a defendant (Civ. Prac. Act, § 191), and the term ‘ ‘ cannot be extended to the officers, servants, agents and employees of the parties, whether such parties be corporations or natural persons ” (cf. People v. Mutual Gas Light Co., 74 N. Y. 434, 435; Outdoor Supply Co. v. Westhome Security Corp., 140 Misc, 48). Similarly, unless a specific statute otherwise provides, it is only a party to the action against whom costs may be awarded (see Civ. Prac. Act, § 1504). *84 Unless lie is embraced within the ambit of an express statutory provision making him liable therefor, a stockholder who is not a party defendant in an action against a corporation cannot be hold liable to the plaintiff for the costs for which judgment was obtained against the corporation (Card v. Groesbeck, 204 N. Y. 301, 307).
It follows — since such a one would not be liable for costs — that a judgment therefor obtained against a corporation could not be enforced by execution against that one’s property. And it follows, further — since “ an execution against [one’s] person cannot be issued until an execution against his property has been returned wholly or partly unsatisfied” (Civ. Prac. Act, § 766) —that an execution against his person is not authorized.
My view is supported, I think, on the basis of another line of reasoning, projected by an interesting exculpatory provision of the Civil Practice Act so far as executions are concerned in civil actions in which a female is a party. In an action at law against a woman, other than for willful injury to person, character or property, she is immune from arrest as well as from an execution against her person (Civ. Prac. Act, §§ 829, 765). If, therefore, she recovers a judgment for costs against a male plaintiff in an action other than for such willful injury, the plaintiff is not subject to an execution against his person (Allen v. Fromme, 195 N. Y. 404).
Since the plaintiff’s officer and stockholder in the case at bar did not — on his own — sue, and indeed would not have been entitled, to recover from the defendants for the alleged conversion of the plaintiff’s goods, the defendants are not entitled to recover their costs from that officer and stockholder, by way of execution against his property or person. Thus, although it is accepted law that a defendant who procures a judgment against the plaintiff for costs may procure an execution against the person of the plaintiff if the plaintiff could have procured an execution against the person of the defendant had the judgment been for the plaintiff, a judgment for costs obtained against a corporate plaintiff cannot be enforced by execution against the persons of its officers or stockholders. For such purposes, as for many others, it is not appropriate to pierce the corporate veil. The corporation and the officer or stockholder are separate entities and the fact that one may be liable for costs does not warrant a holding that the other is (cf., as to the converse, my decision in Buckley v. 112 Cent. Park South, 35 Misc 2d 129).
Accordingly, the motion is denied, and an order has been entered to that effect.