372 So.2d 485 (1979)
CITY OF BOCA RATON, Appellant,
v.
BOCA VILLAS CORPORATION, a Florida Corporation, et al., Appellees.
No. 77-2191.
District Court of Appeal of Florida, Fourth District.
April 18, 1979.
On Rehearing June 29, 1979.
Gerald F. Richman and Bertha Claire Lee of Frates, Floyd, Pearson, Stewart, Richman & Greer, Miami, for appellant.
Walter A. Engdahl and David B. Van Kleeck of Tylander, deClaire & Van Kleeck, Boca Raton, for appellees.
Woodrow M. Melvin, Jr., Miami, for intervenor Arvida.
*486 DOWNEY, Chief Judge.
This interlocutory appeal is a companion case to City of Boca Raton v. Boca Villas Corporation et al., Fla.App., 371 So.2d 154, 1979.
After the appellant City had filed an appeal from the final judgment in 76-2322 appellees filed a motion to tax costs. At the initial hearing thereon it became apparent that appellees had not advanced all of the money paid for costs themselves, but had received contributions from other non-party sources. Further investigation revealed that, while appellees had paid approximately $9,500 worth of the expenditures making up the claim for court costs, the balance was contributed by Arvida Corporation, the National Association of Homebuilders and Florida Atlantic Builders Association without any agreement or obligation on appellees' part to repay them in all events or even if costs were taxed against the opposing party. Although he was seriously concerned over this revelation, the trial judge ultimately allowed appellees to recover their costs which he assessed in the amount of $83,304.70.
In Gordon International Advertising, Inc. v. Charlotte County Land & Title Co., 170 So.2d 59 (Fla.3rd DCA 1964), the court characterized costs as follows:
"Costs, as a compensatory monetary award to the winning party, is a judicial attempt to make the winning party as whole as he was prior to the litigation. The theory being that the prevailing party should not lose anything, at least financially, by virtue of having established the righteousness of his claim." Id. at 61.
The right to an allowance of court costs springs from the prevailing party's right to indemnity. Hart v. Bostwick, 14 Fla. 162 (1872); 8 Fla.Jur., Costs § 2; Harmon v. Pacific Telephone and Telegraph Co., 201 Cal. App.2d 453, 20 Cal. Rptr. 118 (1962); In re Caruso's Will, 18 N.J. 26, 112 A.2d 532 (1955); In re Jennings' Estate, 206 Misc. 867, 135 N.Y.S.2d 72 (Sur.Ct. 1954). Costs are generally not recoverable by a person not a party to the suit. Eskind v. Harvey, 20 Ga. App. 412, 93 S.E. 39 (1917); Dickinson v. Hot Mixed Bituminous Industry of Ohio, 58 N.E.2d 78, 41 Abs. 133 (Ohio App. 1943); H.D.S. Mercantile Corp. v. Monet Fashions, Inc., 37 Misc.2d 82, 234 N.Y.S.2d 547 (Sup. Ct. 1962). It has been suggested that one reason for the foregoing rule precluding non-parties from recovering costs is that if they are unsuccessful they are not available to respond for the other parties' costs.[1]
Since costs are in the nature of an indemnification, no award thereof should be made unless the party seeking the award has either paid the items or incurred liability to do so. This is somewhat analogous to the recovery of attorney's fees under a contract of indemnification. If the party entitled to indemnification does not show he has incurred the liability to pay attorney's fees he cannot recover them from the obligor. North v. Vilas, 114 Fla. 560, 154 So. 245 (1934); Sarasota Publishing Co. v. E.C. Palmer & Co., 102 Fla. 303, 135 So. 521 (1931).
Accordingly, while we recognize that the determination of the amount of court costs is generally left to the sound judicial discretion of the trial court, we believe that discretion was abused here to the extent the cost judgment exceeded $9,500.00.
For the foregoing reasons, and in view of the fact that we have this day affirmed the final judgment in Case No. 76-2322, the judgment appealed from in this case is modified by reducing the amount thereof to $9,500.00.
AFFIRMED AS MODIFIED.
ANSTEAD and BERANEK, JJ., concur.

ON REHEARING
PER CURIAM.
In our opinion filed April 18, 1979 we reversed the trial judge's allowance of the total sum of $83,304.70 as costs because all but $9,500.00 was paid by persons not parties to this litigation and to whom appellees *487 were not obligated for repayment. By petition for rehearing appellees point out that the record in this case shows that appellees' counsel incurred expert witness fees of $15,382.50 in addition to the $9,500.00 in costs which appellees actually paid.
We believe appellees' point is well taken and thus rehearing is granted and our opinion of April 18, 1979 is amended so as to provide that the final judgment in Case No. 76-2322 is modified by reducing the amount awarded therein from $83,304.70 to $24,882.50.
DOWNEY, C.J., and ANSTEAD and BERANEK, JJ., concur.
NOTES
[1] Eskind v. Harvey, 20 Ga. App. 412, 93 S.E. 39 (1917); see 20 Am.Jur.2d, Costs § 26, fn. 3.