WHITE v. LUCAS.

1. **Usury:** MORTGAGE. Facts considered which were *held* to constitute a mortgage usurious.

2. **Mortgage:** ABSOLUTE CONVEYANCE: FORECLOSURE. Where a party who was indebted to another executed a conveyance to secure the indebtedness and received from the grantee an instrument binding him to re-convey upon payment of the debt, *held*, that the transaction constituted a mortgage and that it was not competent for the grantor to insist upon a foreclosure thereof, but that he must pay the amount due before he could ask the cancellation of the conveyance.

3. **Contract:** ATTORNEY'S FEE IN NOTE. In a note providing for an attorney's fee it is not intended that the payee shall recover more than his actual expenditure for the service and he can only be reimbursed for the amount he pays therefor.

*Appeal from Story Circuit Court.*

FRIDAY, JUNE 15.

ACTION to have a conveyance of real estate, absolute on its face, executed by the plaintiff to the defendant declared a mortgage. The plaintiff offered to pay a certain sum of money and asked that the indebtedness be canceled and his title to the premises quieted and for general relief. Previous to March, 1874, the plaintiff became indebted to the defendant and others, to secure the greater portion of which he had executed mortgages on the real estate described in the pleadings.

On the 13th day of March, 1874, an accounting of the amount due was had and an arrangement then made whereby the plaintiff gave the defendant his note for $2,174.92 and conveyed him the real estate in controversy, and the defendant gave him an instrument in writing binding himself to re-convey said real estate if plaintiff paid said promissory notes on the 1st day of April, 1875. Said instrument also provided that plaintiff should pay all taxes and should redeem the land or a portion of it from tax sales.

The plaintiff claimed that the indebtedness was tainted with usury. The Circuit Court found the conveyance to be

a mortgage and the amount due defendant to be $1,158.27, and required the plaintiff to pay the same in sixty days. A judgment was rendered in favor of the school fund against the plaintiff for $298.63, and both parties appeal.

*J. L. Dana* and *S. F. Balliett*, for plaintiff.

*J. S. Frazier* and *Wright, Gatch & Wright*, for defendant.

SEEVERS, J.—I. Previous to March, 1874, the plaintiff was indebted to the defendant, but the amount was a subject

1. USURY: mortgage.

of controversy between them. Actions were pending. An accounting was had and plaintiff gave his note for an amount agreed upon. We are entirely satisfied that the note exceeded the amount the defendant claimed to be due on the day of the settlement about one year's interest at twenty per cent on $1,812.47 or $362.94. The consideration of the conveyance was this indebtedness. While in form the defendant conditionally re-sold the premises to the plaintiff, yet we are satisfied that the transaction was a cover or device to enable him to receive a usurious rate of interest for an extension of time on the amount due him. The conveyance, without doubt, should be held to be a mortgage, an accounting had, and upon the payment of the amount due the defendant should re-convey the premises.

II. The plaintiff insists the Circuit Court erred in requiring him to pay the amount found due in sixty days, instead

2. MORTGAGE: absolute conveyance: foreclosure.

of decreeing a foreclosure and ordering a sale of the premises, and this is the only question presented on his appeal. The defendant is the holder of the conveyance which we hold to be a mortgage, but he does not ask that it be foreclosed. On the contrary he is entirely content to let things be as they are except to have his title quieted. The plaintiff cannot ask the foreclosure of the defendant's mortgage, and equity requires, before he can have an absolute conveyance so transformed, that he should be willing to pay the amount due. In fact, the petition is based on no such theory as now insisted on, and it would be inequit-

White v. Lucas.

able to require a sale of the premises, attended as it would be with the right of redemption after the sale.

Section 3319 of the Code has no reference to such a case as this. It contemplates that the holder of the mortgage or trust deed may desire to foreclose in some other manner than by action in court, and this it is declared cannot be done.

III. The main controversy on the defendant's appeal is as to whether the Welch note was tainted with usury. The plaintiff claims he borrowed the money of the defendant and that the note was made payable to Welch as a device or cover for the usurious transaction, and the defendant claims that he loaned the plaintiff Welch's money for him, charging for his services a commission. The parties do not agree in their testimony, but we are forced to the conclusion that the weight of the testimony is in favor of the defendant. In some particulars, at least, the defendant's evidence is sustained by Welch and uncontradicted by the plaintiff.

That Welch had money on deposit with defendant, we cannot doubt; and that he made loans and investments for Welch must be true. The weight of the testimony is decidedly in favor of the theory that Welch was charged in account by plaintiff with the full amount of the note, and that Welch had no knowledge of the alleged usury. The note was delivered to Welch, and he retained and was the owner of it until after it became due. He received one year's interest thereon. The fact that the note was payable to Welch does not seem to have surprised the plaintiff. He made no inquiry in relation thereto, notwithstanding he claims to have borrowed the money from the defendant. For legitimate and satisfactory reasons, the note was afterward delivered to the defendant, and became his property.

We are unable to discover any evidence whatever in the abstract of any usurious agreement in relation to the Frazier note. There is no evidence that plaintiff agreed to pay Frazier usury, or that the latter supposed he was receiving anything of that kind.

IV. When a year's interest, amounting to $70, was due on the Welch note, plaintiff was unable to pay it, and the defend-

ant did so for him, in consideration for which the plaintiff gave him two notes, one for $65.34, and the other for $99. The former was paid shortly after due, the amount paid being $65.83. The defendant claims he charged, and the plaintiff agreed to pay him, a commission for getting Welch to extend the time for the payment of the principal, and that this formed a part of the consideration of the above notes. We are of the opinion, however, that plaintiff borrowed the money of defendant to pay Welch, and gave the notes in consideration of the money so borrowed. It would be carrying this commission business to an extreme to permit the claim made by defendant to prevail.

We are impressed with the belief that the pretense of a commission is a cover for what must be regarded as usury. As the amount due Welch was $70, and as the plaintiff has paid $65.83, he should be charged with the difference between these two amounts, and the $99 note regarded as not obligatory on him.

V.   The defendant claims that in ascertaining the amount due, he should be credited with certain sums paid as costs, for 3. CONTRACT: purchasing land sold for taxes, and in redeeming attorney's fee in note. land from tax sales. His claim in this respect we think is well founded. Both the Welch and Frazier notes provide that in case suit is brought thereon, an attorney's fee shall be allowed, and taxed as part of the costs. In the former the amount was fixed at $100, and in the latter it was to be a reasonable amount.

Suit was brought to enforce the collection of the notes.

The defendant, however, is unable or unwilling to state what amount he paid as such fees, and thereupon nothing can be allowed him. It never was designed or intended the defendant should, in any event, have the attorney's fees, or any part of it. The object and intent of the contract was, that he should be at no expense so far as the attorney was concerned, if he could get the amount of service required for the sum stipulated in the note.

But it was not designed that the plaintiff could get the at-

torney to render the service at a nominal amount, and pocket the residue as a fee to himself.

VI. The amount due at the time of the settlement, as we find, is as follows:

| | |
|---|---:|
| Welch note........................................ | $700.00 |
| Interest, 2 years and 13 days..................... | 142.51 |
| Frazier note...................................... | 514.40 |
| Interest, 11 months and 13 days.................. | 48.83 |
| Amount due on $70 paid Welch.................. | 4.17 |
| Costs paid....................................... | 9.85 |
| Redemption of land............................. | 16.27 |
| Purchase of tax title........................... | 40.00 |
| | $1476.03 |

The plaintiff can have sixty days from the filing hereof to pay the above amount, and he must pay the costs in this court. The taxation of costs made in the Circuit Court is affirmed. The judgment in favor of the school fund must be reduced to $147.60. A decree may be entered in this court, if counsel so desire.

On plaintiff's appeal there must be an affirmance. On defendant's the decree must be

MODIFIED AND AFFIRMED.