## Emily B. Hopkins, Defendant in Error, v. Marie L. Sobra, Plaintiff in Error.

### Gen. No. 14,808.

1. RECOUPMENT—*when for damage occasioned by bursting of water pipes not sustained.* In an action for rent recoupment of damages arising from the bursting of water pipes will not be allowed unless it is shown that the pipes burst because of the negligence of the landlord—the doctrine *res ipsa loquitur* does not apply.

2. LANDLORD AND TENANT—*when provision of lease exempting landlord from liability valid.* A provision of a lease exempting the landlord from liability for the bursting of water pipes is valid.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed December 23, 1908.

EMIL A. MEYER, for plaintiff in error.

LEON S. ALSCHULER, for defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is a suit to recover rent upon a written lease expiring the 30th of April, 1900. The defendant testified that she had not paid the rent for the months of February, March and April, 1900. The defense is that by the bursting of a frozen water pipe in the basement of the building containing the demised premises, property of the defendant was damaged and she seeks to recoup such damages. There is testimony tending to show also that a water pipe burst between the ceiling of the defendant's store and the floor above, but as to the cause of such alleged break, or as to who controlled the pipes where it occurred the testimony is silent.

The lease describes the demised premises as "the store No. 664 North Clark street to be occupied for dressmaking and ladies' tailoring," and contains a provision that the lessor "shall not be liable for any

damage done or occasioned by or from plumbing, gas, water, steam or other pipes or sewerage or the bursting, leaking or running of cistern, tank, washstand, water, closet or waste pipe above, upon or about the building or premises.'' In February, 1900, a frozen water pipe burst at night in a room of the basement of the building, which room was at the time used by the defendant for a workroom. It was not a part of the premises mentioned in the lease, but defendant had been allowed to use it as a workroom and at the time of the accident had "dresses and goods'' there on a table. From this workroom defendant's employes had access to a water closet under the sidewalk, and it is said this was the main reason why permission was given defendant to use it.

At the conclusion of the evidence the court struck out the testimony as to the breaking of the pipe and directed a verdict for the plaintiff for the amount of rent claimed to be due under the lease. It is urged in defendant's behalf that the landlord is liable for injuries caused by negligence of himself or his agents. We find however no evidence of such negligence in this record. The burden of proof was upon the tenant to establish all the essential elements of her cause of action, where it is sought to recoup damages as a defense to the landlord's claim for rent. Such recoupment is in the nature of a cross action. Mendel v. Fink, 8 Ill. App. 378-381. It is not a case of *res ipsa loquitur*. There is no evidence tending to show that under the circumstances the accident was such as in the ordinary course of things would not happen if the landlord and his agents used proper care. There was no evidence tending to show any defect in construction or use of the water pipes, beyond the fact that the pipes were frozen up and burst on that account. Whose was the fault, if any there was, which caused the pipes to freeze, does not appear.

It is said by defendant's attorney that the clause in the lease exempting the lessor from liability for damage occasioned by the bursting of water pipes, is void

on grounds of public policy. No authorities are cited and no reasons given in support of this assertion. Among cases in which provisions of a lease exempting the lessor from liability are approved, are Taylor v. Bailey, 74 Ill. 178-182; Fera v. Child, 115 Mass. 32-36; Griswold v. Ill. Cent. Ry. Co., 90 Iowa 265-268; Stephens v. Southern Pacific Co., 109 Cal. 86-88; Hartford Fire Ins. Co. v. Chicago, M. & St. P. Ry. Co., 70 Fed. Rep. 201-206; Greenwich Ins. Co. v. Louisville & N. R. Co., 50 L. R. A. 479 (Ky). Most of these cases hold that such provisions are not opposed to public policy.

The judgment of the Municipal Court will be affirmed.

*Affirmed.*