CHICAGO—FIRST DISTRICT—DECEMBER, 1912.  397

Chapman & Smith Co. v. Crown Novelty Co., 175 Ill. App. 397.

## Chapman & Smith Company, Appellee, v. Crown Novelty Company, Appellant.

### Gen. No. 17,449.

1. APPEALS AND ERRORS—*when objection sufficiently complies with rules of court.* Where a rule of the Municipal Court of Chicago requires that objections to oral instructions shall be specific, an exception "to the third part of said instructions and to that portion of said instructions concerning attorney's fees and the set-off," will bring such questions up for review although the court is unable to determine what is meant by the "third part of said instructions."

2. MUNICIPAL COURTS—*rules liberally construed.* A rule of the Municipal Court of Chicago requiring that objections to oral instructions shall be specific and be made immediately upon the conclusion of the charge and before the jury retires should be given a liberal construction.

3. LANDLORD AND TENANT—*when instruction on right to recover attorneys' fees is proper.* Where a lease provides that a lessee shall be liable for the lessor's attorneys' fees and expense in enforcing the covenants and agreements of the lease, in a suit to recover such fees and for other liabilities, an instruction that if the jury believe that covenants had been broken and that in order to enforce them the plaintiff was obliged to and did employ an attorney and incur expense, then such reasonable costs and attorneys' fees as the jury believed had been incurred prior to the commencement of the suit might be recovered, is proper where there was evidence that such services were rendered and expense incurred and that a certain amount would be reasonable for attorneys' fees.

4. LANDLORD AND TENANT—*when landlord not liable for flooding.* Where a lease provides that the lessor shall not be liable for damage occasioned by leakage, in an action for rent and other liabilities, the defendant cannot recoup for a loss sustained by a flooding of a building where there is no evidence that it was occasioned by the negligence of the lessor.

5. LANDLORD AND TENANT—*evidence inadmissible where a lessee seeks to recoup for flooding.* Where a lease provides that the lessor shall not be liable for damage occasioned by leakage and the lessee seeks, in an action for rent, to recoup for a loss sustained by flooding, in the absence of proof of negligence by the lessor, it is proper to refuse to permit a witness to answer whether he had "made a list of or was there any" of his goods injured.

Appeal from the Municipal Court of Chicago; the Hon. EDWARD A. DICKER, Judge, presiding. Heard in the Branch Appellate Court

Chapman & Smith Co. v. Crown Novelty Co., 175 Ill. App. 397.

at the March term, 1911.    Affirmed.    Opinion filed December 3,
1912.   Rehearing denied December 17, 1912.

BROWN & NAVIGATO, for appellant; SEYMOUR N.
COHEN, of counsel.

CHARLES S. GRAVES, for appellee.

MR. PRESIDING JUSTICE CLARK delivered the opinion
of the court.

Chapman & Smith Company, as plaintiff, brought
suit against the Crown Novelty Company, as defend-
ant, in the Municipal Court of Chicago upon two leases
of space in a manufacturing building in the city of Chi-
cago. The leases provided that the plaintiff furnish
steam power to the defendant aggregating 18 horse-
power, the payment for this power being included in
the monthly rental. The leases further provided that
if additional power was required it should be furnished
by the plaintiff and paid for by the defendant at the
rate of $5.00 per horsepower per month. The leases
also contained provisions that if the plaintiff should
install an automatic sprinkler system in the building,
the defendant would pay to plaintiff two-thirds of the
amount saved on its fire insurance premiums. It ap-
pears that the sprinkler system was installed.

The claim of the plaintiff, as shown in the statement
of claim, was for $1,599, made up of items for the ad-
ditional steam power (less credit for cash paid on
same, $60), $345; $1,000 under the provision with ref-
erence to additional rent on account of the installation
of the sprinkler system; an item of $200 for attorney's
fees for enforcing the covenants and agreements of the
leases and prosecuting the suit, and an item of $54
based upon a claim that the defendant had not com-
plied with the provision of the leases by obeying the
rules and regulations of the Chicago Board of Under-
writers, in that it did not remove certain stock and
hangings from the ceiling of the premises and in close
proximity to the sprinkler system, which caused, as
plaintiff alleges, an increase in plaintiff's insurance to

the amount of $54.   There was a trial before the court and a jury, a verdict of $1,000 being rendered.   Upon the hearing of the motion for a new trial the court required a *remittitur* of $158.04, and, upon this being entered, gave judgment in the sum of $841.96, from which judgment this appeal has been perfected.

The assignments of error call in question the charge, the action of the court in admitting and refusing to admit testimony, and the verdict of the jury as being against the weight of the evidence.

Rule 8 of the Municipal Court requires that objections to the giving or refusing of oral instructions to the jury be specific and be made immediately upon the conclusion of the charge and before the jury retires.   The bill of exceptions contains the charge of the court, and immediately thereafter appears the following language: "To the third part of said instructions and to that portion of said instructions concerning attorney's fees and to the portion of said instructions regarding the set-off of the defendant the defendant by its counsel then and there duly excepted."   We are unable to determine what is meant by "the third part of said instructions."   We do not think that the rule should be narrowly construed, and, therefore, treat the exception to the portion of the charge regarding attorney's fees and the portion regarding the set-off of the defendant as properly bringing the questions before us for review.

The court instructed the jury that if they believed from the evidence that the defendant had not kept or performed all the covenants and agreements of the leases, and that in order to enforce the covenants and agreements the plaintiff was obliged to and did employ an attorney and incurred expense in and about enforcing the conditions and covenants of said leases, then the plaintiff was entitled to recover from the defendant such reasonable costs and attorney's fees and expense as the jury believed from the evidence the plaintiff had incurred *prior to the time of the commencement of the suit*.   There was testimony tending to show

400        Appellate Courts of Illinois.

Chapman & Smith Co. v. Crown Novelty Co., 175 Ill. App. 397.

that such services were rendered and that expense was incurred, and that $100 would be reasonable for attorney's fees. We think the charge in this respect was as favorable to the defendant as it could expect in view of the provisions of the leases.

As to the recoupment, the record shows that in its affidavit of defense the defendant set forth in much detail certain damages that it claimed to have sustained by reason of the alleged negligence of the plaintiff, which resulted in the flooding of the building with water in May and June, 1910, the total amount of set-off being stated in the affidavit of defense to be $936.61. The court instructed the jury that by the terms of the leases "it was provided that the plaintiff should not be liable for any damage done or occasioned by leakage, or running of any cistern, tank, wash-stand or drain pipe in or about the premises," and that therefore the defendant could not have a set-off against the plaintiff "in any sum or sums alleged to have been sustained or suffered by reason of the alleged bursting or leaking or running of any tank, wash-stand or any damage occasioned by water upon or about said building or premises." Counsel for defendant say in the brief that if the overflow in question occurred through accident or through the act of any third party, the clause in the leases referred to would protect the landlord from liability, but they contend "that where the overflow is the result of the deliberate negligence of the landlord, that said clause is no defense and a recovery can be had for such damages as may be shown." Counsel do not refer to any testimony tending to show negligence on the part of the plaintiff.

Our attention has been called to a question asked of one of the witnesses for the defendant, as follows: "Now, Mr. Silverman, on the 31st day of May did you make any list of or was there any of your goods injured in any way?" The court refused to allow the question to be answered. As no proof of negligence on the part of the plaintiff had been offered, the ruling was proper.

A large part of the brief is devoted to a discussion of the question of additional rent, based upon the "excess horsepower," and as to what is a proper construction of the leases with reference thereto. The court was not asked by either of the parties to construe the leases in the charge to the jury. The testimony as to the amount of additional horsepower is conflicting. The same observations may be made as to the question of the amount of additional rent allowed, based upon the saving in insurance premiums by reason of the installation of the sprinkler system. It was a matter within the province of the jury to determine as to what amount should be allowed on each of these two items.

The verdict was much less than the amount claimed by the plaintiff. The court required a *remittitur*, and after a careful examination of the record we are unable to say that the defendant was not accorded its full rights. The judgment will therefore be affirmed.

*Affirmed.*