H. J. BRETT, *Appellant,* v. THE FIRST NATIONAL BANK OF MARIANNA, a Corporatiaon, *Appellee.*

Division B.

Opinion filed February 25, 1929.

*W. W. Flournoy,* for Appellant;

*Carter, Solomon & Welch,* for Appellee.

GIBLIN, Circuit Judge.—The sole question presented by this appeal, which is from a final decree in a suit for the foreclosure of a real estate mortgage lien, is whether the chancellor below erred in decreeing that the complainant (appellee) should recover from the defendant (appellant) the sum of $500 as solicitors' fees for the services of the complainant's solicitors in the suit, the chancellor having determine such sum to be reasonable.

The involved mortgage deed contained a stipulation under which reasonable solicitors' fees were recoverable.

In view of the conclusion we have reached, we are not called upon to decide whether the sum allowed as solicitors' fees by the chancellor was reasonable or excessive. Had the complainant, by proper allegations and proof, shown itself to be entitled to the recovery of reasonable solicitors' fees the question of whether the allowed sum is reasonable or ex-

cessive would be the subject of our consideration. The complainant has not, in our opinion, established a right to the recovery of solicitors' fees.

In foreclosure proceedings in our State the fees allowed the mortgagee for the services of his solicitor in the proceedings is intended as an indemnity to the mortgagee for expenditures necessarily made, or incurred to protect his interest. United States Savings Bank v. Pittman, 80 Fla. 423, 86 So. R. 567.

The proper inquiry in cases of such character is, therefore, what has the mortgagee paid, or become liable to pay, to his solicitor for the services of the latter, and is it the usual and customary fee paid for such services? Jevne v. Osgood, 57 Ill. 340.

The object and intent of the contractal stipulation for solicitor's fees is that the mortgagee should be at no expense in procuring the services of his solicitor; but it is not designed that the mortgagee should recover from the mortgagor for solicitor's fees a sum in excess of the amount which the former has paid, or obligated himself to pay, to his solicitor. White v. Lucas, 46 Iowa 319.

It is incumbent upon the mortgagee, who seeks in foreclosure proceedings to recover solicitor's fees from the mortgagor, to allege and prove that he has paid, or obligated himself to pay, his solicitor reasonable fees for the latter's services in the proceedings. This requirement was not met by the complainant herein. There was, it is true, an allegation in its bill that "the said note and mortgage were placed in the hands of" its solicitors "for collection and foreclosure; and there was adduced the testimony of two disinterested practicing solicitors who testified that in their opinion a reasonable fee to be allowed the complainant for the services of its solicitors would be "$15 plus ten per cent of the amount due upon foreclosure" (an amount in

excess of the sum allowed by the chancellor.) Such allegation and proof, however, in cases where the sufficiency of the allegation is raised by demurrer or other proper pleading; or the proof is objected to on the hearing, are not proper and sufficient upon which to base the decree for solicitors' fees. There was no allegation and no proof that the complainant had paid, or obligated itself to pay, to its solicitors for their services, any fixed or determinable sum.

An illustration may serve to demonstrate the soundness of the adopted rule. Let us suppose that a mortgagee, desiring to foreclose his lien, engages a solicitor to prosecute the foreclosure proceedings, agreeing to pay the solicitor for his services a fee of $100. In his bill the mortgagee merely alleges that he has "placed the mortgage in the hands of his solicitor for foreclosure"; and on the trial of the cause he produces as witnesses solicitors who testify that in their opinion $500 is a reasonable sum to allow the mortgagee for solicitor's fees. Should the court allow the mortgagee the sum of $500 for solicitor's fees, it would enable him to recover from a solvent mortgagor over whom the court has jurisdiction the sum of $400.00 in excess of the amount to which the mortgagee is justly entitled. Equity cannot tolerate such a result.

It cannot be logically argued that the defendant herein should have the burden of proving that the complainant has not paid, or obligated itself to pay, to its solicitors as fees for their services the sum allowed by the chancellor below. The burden is upon him who seeks to recover damages to prove that he is entitled to such recovery and to establish the basis for the computation or determination of the amount.

For the reasons we have stated, the decree appealed from is reversed insofar as it decrees the recovery by the com-

plainant (appellee) from the defendant (appellant) of solicitors' fees.

The decree is otherwise affirmed.

The cause is remanded for appropriate proceedings.

WHITFIELD, P. J., AND BUFORD, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.