Sarasota Publishing Company, a Florida Corporation, *Plaintiff in Error,* vs. E. C. Palmer & Company, Ltd., a Corporation, *Defendant in Error.*

135 So. 521.

Division A.

Opinion filed June 30, 1931.

*John B. Singeltary,* for Plaintiff in Error;
*Frank Redd,* for Defendant in Error.

Buford, C.J.—In this case the suit was on a note which provided for attorney's fees in the sum of ten per cent in the event of default in the payment of the note. In regard to this item it was alleged in the declaration as follows:

"That because of the failure of said defendant to pay said note as aforesaid, the same has been placed in the hands of an attorney for collection and suit instituted thereon; and the plaintiff claims the principal and interest on said note, together with the ten per cent attorneys fee provided for therein on the principal and interest."

There was no allegation in the declaration that the plaintiff had obligated to pay the attorney's fees in any sum whatever. The contract to pay attorney's fees is a contract for indemnity. Brett vs. First National Bank, 97 Fla. 284, 120 Sou. 554; Brooks vs. Roberts, 97 Fla.

374, 120 Sou. 765. Winchester v. Hak, 124 So. 812, 98 Fla. 1071.

Default was entered against the defendant for failure to plead, answer or demur and, thereafter, on the 12th day of March, 1929, final judgment was entered pursuant to default by the Clerk of the Court in which was included the sum of $188.50 for attorney's fees. The record discloses no evidence to have been submitted to the Clerk in proof of the plaintiff's right to recover attorney's fees and, therefore, the Clerk was without authority to enter a judgment for attorney's fees if under conditions, which it is not necessary for us here to decide, a judgment for such item could be entered by the Clerk.

It is contended by the defendant in error that because the declaration was not attacked by demurrer or otherwise, the defects in the declaration were waived. This might be tenable if proof had been introduced to show that the plaintiff had paid, or obligated to pay as attorney's fees any specific amount not exceeding ten per cent. The fact that the note constituting the contract between the parties obligated defendant to pay ten per cent as attorney's fees is only enforceable in the event that the holder of the note pays or obligates himself to pay such fees, in which event the defendant is liable for only such sum not exceeding the stipulated amount which will indemnify the holder in this regard.

No other reversible error appears in the record. Therefore, if the plaintiff will within thirty days after the filing of the mandate in the lower court enter a remittitur in the sum of $188.50, the judgment for the balance will stand affirmed as of the date of such judgment. Otherwise the judgment will stand reversed. It is so ordered.

Affirmed, conditioned on remittitur.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.