## Henning R. Arling, Appellee, v. Andrew R. Zeitz, Appellant.

### Gen. No. 36,211.

Opinion filed March 6, 1933.

CHAVERIAT & CHAVERIAT, for appellant; J. M. CAMELON, of counsel.

F. W. JAROS, for appellee.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

Plaintiff brought an action in tort to recover damages caused by the freezing and bursting of water

pipes in the premises he occupied as a tenant of defendant, alleging that this was caused by the negligence of the defendant, resulting in damages to plaintiff's goods. Upon trial he had a verdict for $1,197.30, and defendant appeals from the judgment thereon.

The principal point argued here is the alleged error of the trial court in refusing to admit in evidence the written lease between the parties, which contained a clause exempting the landlord from liability, under certain circumstances; this is the crux of the controversy in this court. This clause of the lease provides that the

"Lessor shall not be liable to lessee for any damage or injury to him or his property occasioned by the failure of Lessor to keep said premises in repair and shall not be liable for any injury done or occasioned . . . by or from any defect of plumbing, . . . water pipes . . . or from the bursting, leaking or running of any . . . water closet, or waste pipe, drain, or any other pipe or tank in, upon or about said building or premises . . . nor from any damage occasioned by water, snow or ice, being upon or coming through the roof . . . or any other place upon or near said premises or otherwise . . . nor from any damage arising from any act, omission or negligence of co-tenants or other persons, occupants of the same building or of lessor's agents or lessor himself, all claim for any such damage or injury being hereby expressly waived by lessee."

Plaintiff says that this being an action in tort and not in contract, this provision of the lease was immaterial, as it would not prevail as a defense against defendant's negligence. Defendant admits that it would not avail as a defense against any affirmative act of negligence on the part of the landlord, but says that it did exonerate him from the result of mere passive negligence and that he was entitled to have the jury in-

structed that there could be no recovery by the plaintiff if the jury should find that the defendant landlord was not guilty of any affirmative act of negligence.

Plaintiff had leased from defendant, under a written instrument, the first floor of a two-story building, using this floor as a workshop and for storage of material and supplies used in his business of manufacturing picture frames; the second floor was unoccupied; three pipes supplied water to both floors; one pipe led from the basement to a sink on the first floor and continued on up through the ceiling to a sink on the second floor, thus supplying both the first and second floor sinks; there was a shut-off rod at the first floor sink but no shut-off on the second floor; when the water was shut off at the first floor sink no water would flow into the second floor sink; this was the only shut-off in this pipe except one in the basement operated with plumber's tools.

The other two water pipes in the building served the toilet rooms on the first and second floors respectively; these pipes were independent of each other and there was a shut-off rod on each floor; there was testimony that about a month before the occurrence in question the water was shut off from the second floor toilet room and the water drained from this pipe. On the night of January 8, 1930, when the weather was extremely cold, the water pipe supplying the sinks froze and burst between the floor of the second floor apartment and the ceiling of plaintiff's premises and water escaped from the pipe, flowing down and damaging plaintiff's goods; plaintiff testified that it was the bowl in the toilet room which burst, but the greater weight of the evidence showed that it was the water pipe supplying the sinks which burst. A plumber was called who shut off the water from the leaking pipe by using the shut-off under the sink in plaintiff's premises. It thus appears that the means of shutting off the sink pipe was under

the control and in the possession of the plaintiff. It should be noted that even if there had been another shut-off at the second floor sink and this had been closed, this would hardly have prevented the freezing of the pipe under the floor of the second floor premises.

We do not agree with counsel for defendant that the clause of the lease above quoted would bar any recovery except for an affirmative act of negligence on the part of the landlord. There may be passive negligence or acts of omission on the part of the landlord with reference to defects of which he had notice or should have known, where the lease would not exonerate him from liability. We are of the opinion the lease should have been admitted in evidence as furnishing the basis for an instruction to the jury that the clause in question would be a bar to any recovery unless the jury should find that the freezing of the water pipe was caused by the negligence of the defendant.

However, upon the record in this case, the greater weight of the evidence fails to prove negligence of the defendant but rather tends to prove that the water in the pipes froze by reason of the negligence of plaintiff in failing to shut off the sink water pipe when extreme cold weather threatened.

We do not find in the many cases cited by both counsel any case where the facts are precisely the same as those presented here. The case which plaintiff says is directly in point is *Moroder v. Fox,* 155 Wis. 503. That case involved a three-story building, the second floor vacant; there was only one shut-off to the pipe which supplied all of the three flats and which froze, and this was in the basement, to which landlord and tenant had access; if the water were turned off at this point the supply would have been shut off from the third floor tenant. It was held that the landlord, knowing that the second floor was vacant and unheated and

that it was necessary to keep the water pipe running through the same to supply the tenants on the third floor, should have covered and protected from frost the pipes leading through the second floor.

*Evans v. Kirson,* 88 W. Va. 343, cited by plaintiff, involved the question whether the tenant of the first floor and basement knew of the presence of a shut-off valve in the basement of the premises. Neither of the two upper stories was occupied by tenants but they were used by the landlord for storage purposes. The court held that the evidence showed that plaintiff did not know of the presence of the shut-off valve in the basement, but that if he had known that the valve in the basement governed the water supply in the building and failed to turn it off in the cold weather, he might have been chargeable with contributory negligence. In *Priest v. Nichols,* 116 Mass. 401, the damages were caused by the breaking of a water pipe out of repair through negligence of the landlord. There is no claim in the instant case that the pipes were out of repair. In fact, new pipes had been installed not long before the occurrence. Other cases cited by plaintiff can readily be distinguished from the one at bar.

There are many cases holding under somewhat similar circumstances that the landlord is not liable. In *Taylor v. Bailey,* 74 Ill. 178, the tenant had access to a crank by which to turn off the water to prevent freezing. It was held that because of his neglect to turn off the water and thereby prevent a freezing and bursting pipe, he could not recover for ensuing damages. In *Hopkins v. Sobra,* 152 Ill. App. 273, a large number of cases are cited supporting the provision of a lease exempting the lessor from liability. See also, *Tuttle Co. v. Phipps,* 219 Mass. 474. In *Chapman & Smith Co. v. Crown Novelty Co.,* 175 Ill. App. 397, it was held that the clause in the lease exempting the lessor from liability from leaking water pipes was effective where

the testimony did not tend to show any negligence on his part. In *Hunter-Smith Co. v. Gibson,* 119 Va. 582, the facts are very similar to those before us. The court held the tenant could not recover, saying:

"It is obvious that the plaintiff had been provided with ample means to protect its goods from the accident of freezing and bursting pipes by cutting the water off from the entire building; and yet, after dark on a freezing night, without using the means of protection right at hand, or requesting anyone else to do so, the store was locked and left by the occupants for the night without any concern whatever." This language fits the instant case.

In 36 C. J. 235, par. 935, is a concise statement to the effect that agreements exempting the lessor from liability for damages are not void as against public policy, but that the landlord will be held responsible when the injury results from his own affirmative negligence, or where he has actual knowledge of defects and has failed to repair. As there is an absence of evidence in the instant case showing either of these elements of negligence, the defendant was entitled upon the trial to present the clause of the lease as a defense. It was therefore error to exclude it.

For the reasons indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

MATCHETT and O'CONNOR, JJ., concur.