IDA R. NORTH v. GEORGE C. VILAS.

154 So. 245.

Opinion Filed April 16, 1934.

*C. L. McKaig,* for Plaintiff in Error;

*Frank Redd,* for Defendant in Error.

BUFORD, J.—In this case judgment was entered on a note for the sum of $1,000.00, together with $276.73, interest and also $227.66 as attorney's fees.

The judgment for attorney's fees, as shown by certificate of the judge, was based upon an affidavit in the following language:

"STATE OF FLORIDA,

"COUNTY OF SARASOTA.

"Before me, the undersigned authority, a Notary Public in and for the State of Florida at Large, personally came on this 30 day of August, A. D. 1933, J. Irvin Walden, who being by me first duly sworn, deposes and says: That he is a practicing attorney at the bar of this Court, and as such he is familiar with counsel fees usually reckoned and awarded to counsel for plaintiff in suits on promissory notes, wherein the note provided for the payment of a reasonable attorney fee, that deponent has examined the pleadings in the above entitled cause and has calculated the principal and interest due and owing on the note sued on, and in his opinion a reasonable fee to be awarded counsel for plaintiff in this suit is the sum of $100.00 for filing suit, plus 10%

of the principal and interest now owing on the note, which deponent has calculated to be the sum of $1,276.63, making a total fee to be awarded counsel for plaintiff the sum of $227.66.

"J. IRVIN WALDEN (Signed)

"Subscribed and sworn to before me, the date aforesaid.

"PAUL C. ALBRITTON (Signed)
"Circuit Judge."

The affidavit fails to show what amount, if any, had been agreed to be paid by the plaintiff to his attorney for services in this suit. Therefore, the entry of a judgment for such attorney's fees was error under the authority of the case of Sarasota Publishing Company v. E. C. Palmer & Co., Ltd., 102 Fla. 303, 135 Sou. 521.

If the plaintiff shall within twenty days after the filing of the mandate in this cause in the court below enter a remittitur in the sum of $227.66, the judgment of $1,276.63 will stand affirmed as of date of entry thereof; otherwise, the judgment shall stand reversed and the cause be remanded for new trial.

So ordered.

WHITFIELD and TERRELL, J. J., concur.

DAVIS, C. J., concurs specially.

DAVIS, C. J. (concurring specially).—I concur in the opinion solely because I consider I am irrevocably bound by several earlier decisions which have now become the settled law of this State. But I cannot refrain from expressing my inability to understand the legal consistency of our rule which so completely ignores confessed allegations of a declaration alleging in terms an agreement to pay an attorney's fee, a default, the bringing of a suit and a claim for the fee agreed to, all of which is legally admitted and con-

fessed *on the face of the record* by the adjudicated default. Just why an attorney whose name is signed to a declaration on a note should have to make oath that he is not rendering his services in the cause to the plaintiff *gratis* in order for plaintiff to recover his attorney's fee indemnity is to my understanding incomprehensible.