INTERSTATE LIFE & ACCIDENT IN‑SURANCE COMPANY, Plaintiff,

v.

RKO TELERADIO PICTURES, INC., Defendant.

Civ. No. 3857.

United States District Court
W. D. Tennessee, W. D.
Jan. 30, 1962.

Canada, Russell & Turner, Memphis, Tenn., and George W. Evans, Chattanooga, Tenn., for plaintiff.

Armstrong, McCadden, Allen, Braden & Goodman, Memphis, Tenn., for defendant.

BROWN, District Judge.

This is a suit filed by the plaintiff, Interstate Life & Accident Insurance Company, against the defendant, RKO Teleradio Pictures, Inc., whose name thus appears in the captions of various pleadings though its correct name has been shown to be "RKO General, Inc.", seeking to recover damages for breach of contract, attorneys' fees, and expenses. Under the written lease agreement upon which suit was brought, plaintiff obligated itself to construct a building in the City of Memphis to be used by the defendant for a television station and, under the terms of the lease, defendant was to pay plaintiff, in lieu of cash rent, rent

in kind in the form of spot television announcements which would advertise plaintiff's business.

The jury rendered a verdict in favor of the plaintiff as follows: For damages for breach of contract in failing to deliver the number of spot announcements required by the contract, $150,000; for attorneys' fees and expenses, $15,900.

At the trial, the parties stipulated that expenses incurred by the plaintiff, which were reasonable, were $3,900.00, so that it is clear that the jury awarded damages for attorneys' fees of $12,000.00.

Defendant has made a motion for a judgment notwithstanding the verdict or for a new trial, and at the conclusion of oral argument of counsel, the Court then overruled the motion with respect to all questions except the question of the propriety of the verdict with respect to attorneys' fees and has taken this aspect of the motion under advisement.

In brief, it is defendant's argument, in connection with the attorneys' fees, that under the lease agreement upon which the claim is based, plaintiff's right to recover attorneys' fees from defendant is only a right to be indemnified and since plaintiff did not prove that it had actually paid or incurred attorneys' fees in connection with the litigation, it should not have been allowed to recover them.

The relevant provision in the lease agreement, having to do with attorneys' fees, provided as follows:

21. Lessee further covenants to pay all reasonable attorneys' fees and expenses of the Lessor incurred in enforcing any of the obligations of the Lessee under this lease, or in any litigation or negotiation in which the Lessor shall, without his fault, become involved through or on account of this lease.

In the charge to the jury the Court simply instructed the jury in substantially the same language as that contained in the lease agreement insofar as the right of plaintiff to recover attorneys' fees was concerned.

Defendant has properly preserved its rights in that it generally denied in its answer that plaintiff was entitled to recover attorneys' fees under the circumstances, it moved the Court at the conclusion of all of the evidence to withdraw the issue of attorneys' fees from the jury and to direct a verdict thereon for the reason that it had not been shown that plaintiff had obligated itself to pay any attorneys' fees to its attorney, and it submitted a special request for instructions to the jury to the effect that plaintiff was not entitled to recover any attorneys' fees because there was no proof of any obligation to pay such fees.

At the trial, plaintiff offered no evidence of an express fee agreement with its attorney, who was representing it at the trial and had represented it in connection with this controversy prior to the trial, and offered no evidence of the non-existence of an express agreement with its attorney with respect to fees. (If there were no express agreement, there would be, of course, an implied contract to pay a reasonable fee. Newnan v. Washington, 8 Tenn. 79 (1827)) As stated, it is defendant's insistence that, properly interpreted, the provision for attorneys' fees in the lease agreement is only an indemnity agreement so that plaintiff in no event could recover an amount in excess of that it had paid or incurred an obligation to pay. In the absence of evidence of the existence or the non-existence of an express agreement the jury could not infer that plaintiff did not have an express agreement to pay a fee of less than $12,-000, defendant argues.

In support of its claim for an attorneys' fee, plaintiff did offer as a witness a member of the bar of the City of Memphis who testified that he was generally familiar with the work done by plaintiff's attorney and the members of his firm, including the prior trial which resulted in a mistrial after five days, and that, in his opinion, a fee of $12,000 for the actual time consumed plus an additional 5% of any amount recovered would be a reasonable fee.

It is therefore apparent, from the amount of the verdict as to fees and expenses, that the jury awarded plaintiff, as damages for attorneys' fee, an amount which the proof had shown to be reasonable for the time consumed alone, and awarded no damages for additional fees based on the amount recovered. The Court believes that the amount so awarded, under all the proof, was extremely reasonable and does approve it.

Therefore the only question remaining is whether, as a matter of law, this verdict with respect to attorneys' fees is supportable by the evidence.

■ It would seem that, and the Court so holds, defendant is correct in its position that the provision with which we are dealing amounts only to an indemnity agreement, because it provides that plaintiff is entitled to recover only " * * * reasonable attorneys' fees and expenses of the Lessor *incurred* in enforcing any of the obligations of the Lessee. * * " (Emphasis ours.) It is interesting to note that the few adjudicated cases which deal with this general problem do not clearly establish whether such an agreement should be treated as only an indemnity agreement and further whether, even assuming an indemnity agreement, it is necessary, to recover, actually to present evidence of the obligation to pay the attorneys' fee. Generally, the cases deal with three types of provisions: (1) an obligation to pay a reasonable attorneys' fee incurred in the enforcing of the obligations contained in the instrument; (2) an obligation to pay a percentage of the amount recovered in the event it is necessary to enforce; and (3) an obligation to pay a reasonable attorneys' fee in the event it is necessary to enforce. The first type of agreement is, analytically, an indemnity agreement, like the agreement in the case at bar, while the latter two types of agreements are not, and are really clauses giving the right to special damages.

Therefore, the real question in this case, since the Court interprets the provision as an indemnity agreement, is whether or not the jury should be allowed to infer from these facts and circumstances not only that plaintiff's attorney had been employed by plaintiff but also that, in the absence of any showing to the contrary, plaintiff was obligated to pay him a reasonable fee for his services.

In the case of Farmers' State Bank of Riverton v. Haun, 30 Wyo. 322, 222 P. 45, 50–51, rehearing denied 31 Wyo. 201, 224 P. 856 (1924), the Court was dealing with a provision for a 25% attorneys' fee in the event the note was placed in the hands of an attorney for collection. This, it would appear, should be construed as a special damage rather than an indemnity provision, but the Court seemed to treat it as if it were an indemnity provision. Nevertheless, it held that, where counsel appears and represents the plaintiff, it can be presumed not only that he had authority to so act but also that he had an express or implied agreement to receive reasonable compensation for his services.

In Rychener v. McGuire, 66 S.W.2d 413, 414 (Tex.Civ.App.1933), the note involved therein provided that if it were placed in the hands of an attorney for collection, the maker must pay 10% attorneys' fee. Again, it will be seen that this provision, properly construed, was a special damage rather than an indemnity provision, but the Court treated it as if it were an indemnity agreement. It held, however, that it would be presumed, in the absence of a showing to the contrary, that the attorney was entitled to receive at least as much compensation as provided for in the note. Compare, Roberts v. J. B. Colt Co., 31 S.W.2d 196, 198 (Tex. Civ.App.1930).

In the case of Marsh Wall Products, Inc. v. Henry Marcus Building Specialties, 162 Cal.App.2d 371, 328 P.2d 259, 264 (1958), it was the contention of the defendant that the plaintiff should not be allowed to recover attorneys' fees, because the note involved therein provided for attorneys' fees reasonably incurred in enforcing payment of the note and that it had not been shown that plaintiff had obligated itself to pay or had

paid its attorney any amount. However, the Court held that was not necessary and that, in effect, the trier of the fact could infer from the representation by the attorney that he had the right to a reasonable fee. Compare, City Investment Co. v. Pringle, 49 Cal.App. 353, 193 P. 504 (1920).

The rule in Florida seems to be otherwise, for the cases there seem to hold that, even where the agreement is clearly a special damage provision rather than an indemnity provision, it is still necessary, to recover attorneys' fees, to offer evidence of the actual obligation to pay. North v. Vilas, 114 Fla. 560, 154 So. 245 (1934); Sarasota Publishing Company v. E. C. Palmer & Co., 102 Fla. 303, 135 So. 521 (1931); Realty Bond & Share Co. v. Englar, 104 Fla. 329, 143 So. 152, 156 (1932); and Dickenson v. First National Bank, 101 Fla. 1137, 132 So. 835 (1931). However, in the North case, one judge, who concurred specially, felt obligated to do so because of the prior holding of the Florida court in the Sarasota case, and stated:

> " * * * [W]hy an attorney whose name is signed to a declaration on a note should have to make oath that he is not rendering his services in the case to the plaintiff gratis in order for plaintiff to recover his attorney's fee indemnity is to my understanding incomprehensible." 154 So. at 246.

See also, Bish v. First National Bank, 78 Colo. 326, 241 P. 537, 538–539 (1925); Mulvihill v. First National Bank, 80 Colo. 72, 249 P. 504 (1926); Interstate Motor Freight System v. Gasoline Equipment Co., 107 Ind.App. 494, 24 N.E.2d 418, 420 (1940); Porter v. Title Guaranty Co., 17 Idaho 364, 106 P. 299, 304, 27 L.R.A.,N.S., 111 (1909); Chapman & Smith Co. v. Crown Novelty Co., 175 Ill. App. 397 (1912). See generally: Annot., Construction and Effect of Lease Provisions Relating to Attorneys' Fees, 77 A.L.R.2d 735, 745; 12 Am.Jur., Contracts § 185; 11 C.J.S., Bills and Notes §§ 645h & 653.

■ Since under the general doctrine of the Erie Railroad case (Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487 (1938)) this Court should apply Tennessee law, including Tennessee conflict of laws, and since Tennessee would undoubtedly, in view of the fact that the lease contract was made and was to be performed in Tennessee, apply its own law, we would be governed by Tennessee authority if there were any in point. Cf. Carolina Spruce Co. v. Black Mountain R. R., 139 Tenn. 248, 201 S.W. 770 (1917); French Piano Co. v. Hallberg, 130 Tenn. 650, 172 S.W. 298 (1914). However, the only case which has been cited in this connection by the defendant is Julian v. American National Bank, 172 Tenn. 602, 113 S.W. 2d 746 (1938), which is definitely not in point. Moreover, the Tennessee cases cited and relied on by plaintiff are also not in point, and the Tennessee statutory provision creating an attorney's lien (T.C.A. § 29–202), also relied on by plaintiff, obviously presupposes the existence of a contract obligation on the part of the client to pay a fee.

■ After full consideration of the entire matter the Court has concluded that there are facts and circumstances in the record in this case which should permit a jury to conclude that plaintiff was obligated to pay a reasonable attorneys' fee. Here we have a situation in which plaintiff's attorney appeared and tried this suit which consumed slightly more than two weeks in court; plaintiff offered a member of the bar as a witness who testified as to the amount of work done, including that in connection with the prior trial, and gave an opinion as to the reasonable value of these legal services; and the president of the plaintiff corporation, while testifying at length and who was cross-examined at length, indicated at least inferentially that plaintiff's attorney was representing it under proper authority and testified to nothing which would indicate that he was not entitled to a reasonable fee for his services.

It is therefore the opinion of the Court that the motion of the defendant for a judgment notwithstanding the verdict or for a new trial should, in both respects, be overruled, and counsel will prepare and submit a proper order within five days.