KAHN, J.
 

 Appellant Coastal Community Bank, the foreclosing mortgagee below, seeks review of a trial court ruling declining to enforce a contractual provision entitling appellant to attorney’s fees totaling ten percent of the principal sum due on a promissory note secured by the mortgage. For the reasons set out below, we affirm.
 

 In the final judgment of foreclosure, entered after a default, the trial court rejected appellant’s claim for a ten percent attorney’s fee, “as unconscionable.” The final judgment observed that “plaintiff has offered no substantial competent evidence to prove its entitlement to the 10% attorney fee claimed, other than reliance on the terms of the notes.” Under the terms of the note and renewal note, “reasonable attorneys’ fees shall be construed to mean 10% of the principal sum named in this note....” On denial of appellant’s motion for rehearing on the fee matter, the trial court again observed that appellant had offered no evidence of the amount of attorney’s fees incurred, and concluded “that equity cannot tolerate a result of a requirement that a Defendant in a mortgage foreclosure be required to pay more for attorney’s fees than the mortgagee actually paid their attorney.”
 

 On appeal, Coastal argues that section 687.06, Florida Statutes (2008), raises a presumption of reasonableness for an attorney’s fee amounting to ten percent or less of the remaining mortgage principal. Coastal argues that the trial court lacked discretion to reject the contractual provision.
 

 We begin with an examination of the statute here at issue. Pursuant to section 687.06, “it shall not be necessary for the court to adjudge an attorney’s fee, provided in any note or other instrument of writing, to be reasonable and just, when such fee does not exceed 10 percent of the principal sum named in said note, or other instrument in writing.” Accordingly, assuming the contract contains the type of fee provision we deal with here, a court need not consider the reasonableness of the fee charged by the mortgagee. Such
 
 *759
 
 does not, however, prohibit a trial court from inquiring as to evidence showing an entitlement to the fee sought.
 

 Notably, the statute removes, in certain cases, the step under which a court would adjudge whether a fee is “reasonable or just.” The statute does not, though, remove the need to determine a fee in the first instance. Under Florida law, a “contract to pay attorney’s fees is a contract for indemnity.”
 
 Sarasota Publ’g Co. v. E.C. Palmer,
 
 102 Fla. 303, 135 So. 521, 521 (1931). Such provisions are meant to indemnify a party, such as the holder of a note and mortgage, for money spent to protect its interest.
 
 See Brett v. First Nat’l Bank of Marianna,
 
 97 Fla. 284, 120 So. 554 (1929). Such a provision is not designed to allow the “mortgagee [to] recover from the mortgagor for solicitor’s fees a sum in excess of the amount which the former has paid ... to his solicitor.”
 
 Id.
 
 Accordingly, although section 687.06 limits a trial court’s discretion to review the reasonableness of certain attorney’s fees sought by the mortgagee, it does not prevent the court from inquiring after evidence that the fees allowed by the contract do not exceed those actually incurred by the beneficiary of the contractual provision or, at the least, do not exceed that amount in such magnitude as to render an automatic award inequitable.
 

 We have not overlooked that a default was entered here against appellee, the mortgagor. Under Florida law, “un-conscionability is an affirmative defense which must be raised by proper pleading.”
 
 Barakat v. Broward County Hous. Auth.,
 
 771 So.2d 1193, 1194 (Fla. 4th DCA 2000). Therefore, and to the extent that the trial court viewed the fee as facially unconscionable, we cannot agree. Nevertheless, the obligation of the mortgagee to pay attorney’s fees has been characterized as not proven simply by reference to the fee provision in a promissory note.
 
 See Sarasota Publ’g Co.,
 
 135 So. at 521. The defendant, here the mortgagor, does not “have the burden of proving that the complainant has not paid, or obligated itself to pay [attorney’s] fees.... ”
 
 Brett,
 
 120 So. at 555. Once the note holder has presented evidence of its obligation to pay fees, the court should refrain from inquiry “into the fee’s fairness or reasonableness absent some plea for equitable consideration, e.g., unconscionability, ...”
 
 Dean v. Coyne,
 
 455 So.2d 576, 576 (Fla. 4th DCA 1984). In the present case, however, the bank declined an opportunity to provide any evidence concerning its obligation to pay fees to its lawyers. Under these circumstances, we do not reach the question whether the fee sought was reasonable or excessive, because no amount at all was demonstrated.
 
 See Brett,
 
 120 So. at 554.
 

 To summarize, we do not approve denial of the fee because the fee was unreasonable or unjust. Instead, we affirm because appellant declined to demonstrate at all the fee due from it to its lawyers.
 

 AFFIRMED.
 

 WOLF, and VAN NORTWICK, JJ„ concur.